W. B. WIGGINS, CHAIRMAN, ET AL. v. BOARD OF EDUCATION OF
GRAHAM COUNTY ET AL.

(Filed 12 February, 1930.)

**Schools and School Districts D b—County board of education has power
to employ school janitor rather than school committee.**

Under the provisions of 3 C. S., 5429, the county board of education is
authorized to select and employ janitors for a school building in a local
tax district in preference to one appointed by the district school com-
mittee for the same position.

CIVIL ACTION, before *Schenck, J.,* at Chambers, at Sylva, 8 October,
1929. From GRAHAM.

The plaintiffs are the members of the school committee for Cheoah
Graded School District No. 1. The defendants are the board of educa-
tion of Graham County, the superintendent of public instruction for
said county, and T. M. McKeldrey.

The facts essential to the development of the legal question involved
are contained in the judgment of the court, which is as follows: "This
cause coming on to be heard before the undersigned judge, upon the
order of his Honor, Harwood, Judge, dated 28 September, 1929, after
the reading of the pleadings and argument of counsel, the court finds the
following facts:

1. That W. B. Wiggins, A. V. Elliott, W. H. Jones, C. C. Ghormley
and N. E. Millsaps are at this time, and were, on 15 August, 1929, the
duly constituted school committee of Cheoah Graded School District
No. 1, of Graham County, North Carolina.

2. That on the said 15 August, 1929, the said committee executed the
alleged and purported contract set out in the pleadings with one G. T.
Roberts as janitor of Robbinsville High School, one of the schools in
said district.

3. That at this time, and as well as on 2 July, 1929, and 15 August,
1929, C. Z. Denton, J. J. Millsaps, and Harvey Jenkins are the duly
constituted board of education of Graham County, North Carolina.

4. That on the said 2 July, 1929, said board of education duly exe-
cuted the alleged and purported contract with one P. M. McKeldrey as
janitor of the aforementioned school, a copy of which is attached to the
answer. And the court being of the opinion, upon the foregoing facts,
that the said McKeldrey is the duly appointed janitor of said building,
and that the said Roberts is not such janitor, as a matter of law, dis-
misses the restraining order heretofore signed in so far as it prohibits
the said McKeldrey from entering upon and continuing his duties as

such janitor, and further restrains the said G. T. Roberts, or any of the coplaintiffs, from interfering with the said McKeldrey in the performance of his duties as such janitor."

From judgment rendered plaintiffs appealed.

*Moody & Moody for plaintiffs.*
*Dillard & Hill for defendants.*

BROGDEN, J.  Is the selection of a janitor for a school building in a local tax district within the power of the district school committee or the county board of education?

In the case at bar, two janitors were selected for the same building, one by the district committee, and the other by the county board of education. The pertinent provisions of the school law apparently impose the responsibility for school property primarily upon the board of education.  For instance, the legal title to school property must be vested in the board, and the building of new schoolhouses and the repairing of an old schoolhouse is under the control of the board of education.  Indeed, under certain conditions, the board can actually sell the school property and deliver a good title to the purchaser.  The county board, in order to encourage the use of property for civic purposes, may "make rules and regulations governing the use of school property." Furthermore, 3 C. S., 5429 provides that "all powers and duties conferred and imposed by law respecting public schools which are not expressly confirmed and imposed upon some other officials, are conferred and imposed upon the county board of education."  Moreover, the county board of education is required to prepare and file what is known as the May budget.  The law requires that this budget shall provide three separate school funds.  3 C. S., 5596.  The current expense fund under the provisions of the law must provide for the operation of the school plant, which includes by express language, the "wages of janitors."   .

The plaintiffs rely upon the provisions of 3 C. S., 5538.  This section confers upon the school committee the care and custody of all schoolhouses, etc., subject, however, "to rules and regulations governing school property adopted by the county board of education," etc.  While 3 C. S., 5538, by narrow and strict interpretation might support the plaintiffs' theory, yet a consideration of the law, in its entirety, leads us to the conclusion that the county board of education has the right to employ a janitor under the facts and circumstances disclosed in the present record.

Affirmed.