O. ROY KEITH v. HENDERSON COUNTY AND MARGARET A. PACE, TRADING AS PACE HEATING AND PLUMBING COMPANY, AND FINLEY PACE.

(Filed 25 January, 1933.)

1. **Schools and School Districts D c—County held not liable on note for school equipment purchased by county purchasing agent.**

   The board of education of a county is required to provide suitable supplies for the public schools of the county and to pay for them by vouchers drawn by it within its appropriation on funds provided therefor by the board of county commissioners in the manner prescribed by statute, and where the county board of education has refused to purchase certain equipment because of lack of funds, and the county purchasing agent and chairman of the board of county commissioners purchases the same and gives a note for the purchase price signed by him in the name of the school for whose use the equipment was purchased: *Held*, the county is not liable on the note, the county purchasing agent having no connection with the county board of education.

2. **Bills and Notes D b—**

   In order to constitute a holder in due course of a note payable to a specified person it is required that the instrument be endorsed. C. S., 3010, 3033.

3. **Counties C c—Persons dealing with county officials are chargeable with limitations of their authority to bind county for debt.**

   A person dealing with public officials must take notice of the power and authority conferred on them by statute, and where a note given for county school equipment is signed by the county purchasing agent in the name of the school for whose use the equipment was purchased, a person holding the note is chargeable with notice of his lack of authority to bind the county thereon.

APPEAL by plaintiff from *Schenck, J.,* at May Term, 1932, of HENDERSON. Affirmed.

This is an action brought by plaintiff against the above defendants to recover $1,080 and interest, balance due on a note and contract for one No. 3 Long Iron Fireman Automatic Coal Burner, complete with electric equipment for ¾ H.P. motor, A.C. 60 cycles, 110/220 volts, single phase and automatic control for boiler complete.

The note was for $1,415 dated 2 August, 1930, with schedule of payments. The principal sued on is now due under the contract. The note is signed "East Flat Rock School, by T. D. Stepp (seal), Henderson County Purchasing Agent, witnesses, O. Roy Keith, V. P. Pressley."

The contract recites "an order for an Iron Fireman Automatic Coal Burner." "East Flat Rock School." "Title to all equipment and ma-

terials shall remain with the seller until this contract is paid for in full and according to the terms stated above." The note also states "The title to said property shall be and remain in the payee until the principal and interest of this note, etc." The plaintiff alleged, "That thereafter, to wit, on or about the ........ day of............ .........., 1930, the defendant, Margaret A. Pace, trading as Pace Plumbing and Heating Company, through her manager, Finley Pace, sold, transferred, endorsed and delivered for value received, to the plaintiff, O. Roy Keith, the said note of 2 August, 1930, . . . and this plaintiff is now the owner and holder of said note, in due course for value and without notice."

"The plaintiff alleged that the defendant, Margaret A. Pace, trading as Pace Plumbing and Heating Company, was notified by the said T. D. Stepp, purchasing agent of Henderson County, to withhold the installation of the iron fireman until further notice, and this plaintiff is advised, informed and believes that said further notice has never been given for the installation of the said 'iron fireman,' and this plaintiff is advised, informed, and believes that the said 'iron fireman' is ready for installation and will be installed immediately upon the giving of the necessary instructions by the authorities of Henderson County."

"That on 16 October, 1930, the defendant, Henderson County, paid to this plaintiff, or plaintiff's agent, the sum of $335, which amount was duly credited on the note of 2 August, 1930. That said amount was paid in the form of a county warrant on the treasurer of Henderson County and signed by T. D. Stepp, county accountant, and approved by P. S. Ramsey, register of deeds and clerk *ex officio* of the board of commissioners of Henderson County."

"That thereafter, to wit, on 17 November, 1930, the defendant Henderson County issued its warrant on the treasurer of Henderson County in the sum of $60.00, which was to be applied as a second payment on the note of 2 August, 1930, which said warrant was signed by T. D. Stepp, county accountant, and approved by P. S. Ramsey, register of deeds and clerk *ex officio* of the board of commissioners of Henderson County." This was not paid on account of the failure of the bank.

"That the plaintiff is advised, informed and believes, and therefore avers that before the iron fireman was purchased by Henderson County from the defendant Pace that T. D. Stepp, purchasing agent and accountant of Henderson County, and chairman of the board of commissioners of said county, conferred with the board of education of Henderson County in regard to the purchase of same. That he was told by the said board of education or members thereof, or by R. G. Anders, the clerk of said board and superintendent of education for Henderson County, that while said board of education would like to have the iron

fireman installed in the East Flat Rock High School, *the board of education did not have the funds to pay for same,* but if the county wanted to buy and pay for same and install it in the East Flat Rock High School, the board of education had no objection."

The court below rendered the following judgment: "This cause coming on to be heard before the undersigned judge, and a demurrer *ore tenus* having been lodged by the defendant Henderson County, for that the complaint does not state a cause of action, in that it appears from said complaint that this action is based upon contracts executed by the board of county commissioners for the purchase of an iron fireman for the East Flat Rock School, not included in the budget of said school prepared by the board of education, and that the complaint fails to allege any authority on the part of said commissioners to make said purchase; and for that it appears from the complaint that the action of the commissioners in attempting to buy said iron fireman from the general county fund was acting *ultra vires;* and for that it further appears upon the face of the complaint that the plaintiff is not an innocent purchaser of said contracts; and the court being of the opinion that the demurrer is well taken, said demurrer is sustained, and the action of the plaintiff against the defendant Henderson County is dismissed.                    MICHAEL SCHENCK, *Judge Presiding."*

The defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*R. L. Whitmire for plaintiff.*
*M. M. Redden for defendant Henderson County.*

CLARKSON, J. The question involved: T. D. Stepp, as purchasing agent and chairman of the board of county commissioners for Henderson County, purchased from a local dealer an Iron Fireman Automatic Coal Burner for East Flat Rock School in said county, and executed a note "East Flat Rock School, by T. D. Stepp, Henderson County purchasing agent." T. D. Stepp has no connection with the board of education of Henderson County. Is this note binding on Henderson County? We think not.

The defendant Henderson County demurred *ore tenus* to the complaint filed. The court below sustained the demurrer and in this we can see no error.

*Board of Education v. Walter,* 198 N. C., 325, in substance decides: "The board of education of a county is required in its large discretion to provide suitable supplies for the public schools of the county out of funds provided by taxation by the county commissioners in the manner

prescribed by statute, and when funds have been provided as the statutes direct the purchases by the county board of education within its appropriation are to be paid upon its voucher out of the funds so appropriated, and the board of county commissioners may not usurp the power of the board of education to make such purchases under a resolution consolidating purchases of supplies for all departments of the county government under the provisions of chapter 146, Public Laws of 1927, the county board of education not being a department of the county government within the intent and meaning of the act."

This Court has further held that under C. S., 5429, even the right to select a janitor for school buildings is not up to the local school committee, but exclusively in the hands of the board of education. *Wiggins v. Board of Education,* 198 N. C., 301. *Elliott v. Board of Equalization,* 203 N. C., 749.

C. S., 3033, is as follows: "A holder in due course is a holder who has taken the instrument under the following conditions: (1) That the instrument is complete and regular upon its face; (2) that he became the holder of it before it was overdue and without notice that it has been previously dishonored, if such was the fact; (3) that he took it for good faith and value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." To constitute a holder in due course it is required that the instrument be endorsed. C. S., 3010; *Bank v. Yelverton,* 185 N. C., 314.

The plaintiff alleges that he is a "holder of said note in due course" and sets forth the note as part of the complaint. From a careful inspection of the note as set forth we can find no endorsement of same. Then again plaintiff witnessed the note that defendant Henderson County in law had no power to execute and in fact did not execute. The plaintiff is presumed to know the law. It behooves public officials to follow the law as written. This is the only safe course and those dealing with the officials must take notice of the power and authority conferred on them by the statutes. *Fidelity Co. v. Fleming,* 132 N. C., 332, *Commissioners of Brunswick v. Walker,* 203 N. C., 505, *Commissioners of Brunswick v. Inman,* 203 N. C., 542.

The plaintiff in his brief cited no statute or decision to support his contention. The judgment of the court below is

Affirmed.