COMMUNITY PROJECTS FOR STUDENTS, INC. v. GERALD WILDER, NORTHERN NASH SENIOR HIGH SCHOOL AND NASH COUNTY BOARD OF EDUCATION

No. 827DC120

(Filed 21 December 1982)

**Schools § 4— items ordered by choral director for fund-raising project—no liability by school board**

In an action to recover for decorative oil lamps ordered from plaintiff by a high school teacher and choral director as a fund-raising project for the chorus, plaintiff's evidence was insufficient to establish a contract between plaintiff and defendant board of education upon a theory of (1) express authority of the teacher and choral director to enter into the contract; (2) implied or apparent authority of the teacher and choral director to enter into the contract; or (3) ratification of the contract by the board. G.S. 115-52.

APPEAL by plaintiff from *Ezzell, Judge.* Order entered 23 September 1981, in District Court, NASH County. Heard in the Court of Appeals 18 November 1982.

Plaintiff is a corporation in the business of selling various products which schools may use for fund-raising activities. In October of 1979, Kenneth Segal, a salesman from the company, visited Northern Nash Senior High School, a public school operated by the Nash County Board of Education. Segal approached the principal of the school, Donald L. Johnson, about the feasibility of selling his merchandise to school organizations or clubs. He was directed to Gerald Wilder, a teacher and choral director, who had indicated to the principal that he wanted to raise funds for the purchase of robes for the school chorus. After talking with Segal, Wilder personally signed two purchase orders on 26 October 1979 for the purchase of 870 decorative oil lamps from the plaintiff. The lamps were shipped on or about 14 November 1979 to Wilder at the school along with invoices totaling $4,106.40. Wilder, who had been the sponsor for this fund-raising project, ended his employment as teacher and choral director on 18 February 1980. By letter dated 2 April 1980, the principal of the school sent two checks in the amount of $1,272.40 to plaintiff and requested credit on the unsold lamps being returned under separate cover. The account was credited with the payments made and value of returned merchandise, leaving a sum owing of $2,458.40. Despite demand by plaintiff, no further payments were made on the account.

On 4 November 1980, plaintiff filed this action for monies due against Wilder, the high school, the Board of Education, and the individual members of the Board. On 14 January 1982 summary judgment was granted in favor of the individual members of the Board. Prior to trial, a motion was granted to remove Northern Nash Senior High School as a party defendant under Rule 12(b)(6). At the close of plaintiff's evidence at the 21 September 1981 hearing, the trial judge granted a motion for directed verdict in favor of the Nash County Board of Education. Plaintiff has appealed from the entry of this order. No appeal has been taken from the order of a mistrial in favor of defendant Wilder.

*Moore, Diedrick, Whitaker & Carlisle, by Joy Sykes, for plaintiff-appellant.*

*Valentine, Adams & Lamar, by L. Wardlaw Lamar, for defendant-appellee.*

WELLS, Judge.

The sole assignment of error in this appeal is to the trial court's granting a directed verdict in favor of the Nash County Board of Education. We therefore must resolve whether the evidence, viewed in the light most favorable to the plaintiff, was sufficient to establish a contract between plaintiff and the Board. Plaintiff contends that it produced evidence sufficient to submit its case to the jury on at least one of three legal theories: (1) the express authority of Wilder to enter into the contract, (2) the implied or apparent authority of Wilder to contract, or (3) the ratification of the contract by the principal of the school. We disagree and affirm the judgment below.

Under the system of public education in this state, local school boards alone have the duty or authority to enter into or authorize purchases of supplies and equipment for the respective local school systems. G.S. 115-52, as it was worded in 1979 (now recodified in G.S. 115C-522(a)) provided as follows:

§ 115-52. *Purchase of equipment and supplies.* —

It shall be the duty of county and city boards of education to purchase or exchange all supplies, equipment and materials in accordance with contracts made by or with the

approval of the Department of Administration. Title to instructional supplies, office supplies, fuel and janitorial supplies, enumerated in the current expense fund budget and purchased out of State funds, shall be taken in the name of the county or city board of education which shall be responsible for the custody and replacement: Provided, that no contracts shall be made by any county or city administrative unit for purchases unless provision has been made in the budget of such unit to provide payment therefor, or unless surplus funds are on hand to pay for same, and in order to protect the State purchase contracts, it is hereby made the mandatory duty upon the part of the governing authorities of such local units to pay for such purchases promptly in accordance with the terms of the contract of purchase.

There was no evidence tending to show that any contract was entered into between plaintiff and defendant Board of Education, much less a contract meeting the requirements of G.S. 115-52. Plaintiff, therefore, cannot maintain its action on the theory of Wilder's express authority to obligate defendant Board of Education.

Neither can plaintiff prevail on the theory of Wilder's apparent authority to obligate defendant Board of Education. Those who deal with public officials are deemed to have notice of the nature and extent of the authority of such officials to bind their principal. *Keith v. Henderson County,* 204 N.C. 21, 167 S.E. 481 (1933); *compare O'Grady v. Bank,* 296 N.C. 212, 250 S.E. 2d 587 (1978).

Plaintiff's only evidence of ratification tended to show that the principal of the school, not defendant Board, acted in such a way as to ratify the sale. Defendant Board of Education alone had authority to ratify the sale of plaintiff's goods to the school and, therefore, plaintiff's theory of ratification is of no avail to it in this action. *See Equipment Co. v. Anders,* 265 N.C. 393, 144 S.E. 2d 252 (1965).[1]

---

1. G.S. 115-35(f) (now recodified as G.S. 115C-47(6) ) provided a means by which a Board of Education could authorize solicitations and fund-raising activities in the schools under its jurisdiction. There was no evidence that the Nash County School Board had acted pursuant to G.S. 115-35(f) and, therefore, the statute is not applicable to the present case.

Plaintiff's evidence, taken as true, considered in the light most favorable to plaintiff, giving plaintiff the benefit of every reasonable inference to be drawn therefrom, *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981), was insufficient, as a matter of law, to justify a verdict for plaintiff against defendant Board of Education, and the judgment below must therefore be and is

Affirmed.

Judges VAUGHN and WHICHARD concur.