H. W. STEINHILPER and Wife v. J. S. BASNIGHT.

(Filed 26 October, 1910.)

1. Negotiable Notes—Endorsement—Title—Due Course—Equitable Owner—Defenses.

A purchaser of a negotiable instrument, for value, before maturity, but without endorsement, becomes the holder of the equitable title only, and takes subject to any defense the maker may have against the original payee, as for one to become a purchaser in due course he must have acquired title by endorsement. Revisal, secs. 2178, 2198; and in the absence of endorsement of the note sued on in an action by the purchaser, the plaintiff is not entitled to judgment upon evidence which shows a good defense·in favor of the maker against the payee.

STEINHILPER *v.* BASNIGHT.

2. Notes—Purchase Price—Equities—False Representations—Damages—Date of Credit.

> In an action on a note given for the purchase price of timber, the jury found that there was a false and fraudulent representation as alleged in the answer, in regard to encumbrances on the timber, held that under an issue calling merely for a general assessment of damages, it was not error for the lower court to refuse to sign a judgment reducing the amount of the note in the amount of the damages assessed, as of its date, for the amount thus found should be deducted as of the time of trial, no date for the credit having been fixed by the verdict.

APPEAL from *W. R. Allen, J.,* at the May Term, 1910, of CUMBERLAND.

The facts are sufficiently stated in the opinion of the Court.

*Rose & Rose* and *C. W. Broadfoot* for plaintiff.
*Robinson & Lyon* and *W. D. McIver* for defendant.

WALKER, J. This action was brought to recover the amount of three notes, made by the defendant to H. W. Steinhilper and alleged to have been sold by him to the plaintiff, who is his wife. The defendant averred that two of the notes, each for $500 and dated 26 June, 1898, were executed by mistake, having been given for lumber for which he had already paid, and the jury so found by their verdict. As to the other note, he alleged that it was given for the purchase price of timber, and that H. W. Steinhilper represented, at the time of the purchase, that the encumbrances thereon amounted to only $150, which representation was false, and the jury found this allegation to be true, and assessed the defendant's damages at $250. The jury further found that the notes had been transferred to the plaintiff for value before maturity, but it does not appear that there was any endorsement of the notes by the payee to the plaintiff. So far as the case shows, she was a purchaser for value without actual notice of the defendant's equities or defenses, but not a holder by endorsement. The plaintiff moved for judgment upon all the notes, subject to a credit of $150, which had been paid by the defendant. This motion was refused. The defendant tendered a judgment against himself for $100, which the judge refused to sign. The court thereupon rendered a judgment in favor of the plaintiff for $613.80, of which sum $350

is principal and $263.80, with interest on the principal from 2 May, 1910, and the costs. The amount of this judgment was the balance due on the third of said notes for $500, less $250, the amount of the damages assessed by the jury. Both parties appealed from the judgment.

The court properly denied the plaintiff's motion for judgment. She was not entitled to recover on the first two notes, as they were given by mistake and were without any consideration. The plaintiff was not the holder of the notes in due course, as the notes were not endorsed to her, and it can make no difference that she purchased the notes for value and without any actual notice of the defenses set up in the answer. The notes were negotiable only by endorsement. Code, sec. 41. By the transfer to her without endorsement, the plaintiff became the holder of the equitable, but not of the legal title, and she took them, therefore, subject to any legal defenses the maker may have against the original payee. *Tyson v. Joyner,* 139 N. C., 69; *Bank v. Drug Co.,* 152 N. C., 142. This is now the law by statute. Revisal, secs. 2178, 2198. As contended by the plaintiff's counsel, every holder is deemed *prima facie* a holder in due course, but, by the very definition of a holder, he must have acquired title by endorsement. "A holder means the payee or endorsee of a bill or note who is in possession of it, or the bearer thereof, and 'bearer' is defined to be the person in possession of a bill or note which is payable to bearer." *Mayers v. McRimmon,* 140 N. C., 643, Revisal, sec. 2340. In the case of *Mayers v. McRimmon, supra,* it appeared that the plaintiff had purchased notes by discounting them, and we held that unless it appeared that the notes had been endorsed by the payee, the plaintiff was only the equitable owner and holder of them subject to any valid defense of the maker. There was, therefore, no error in the ruling of the court to which the plaintiff excepted, and the judgment as to her is affirmed.

No error.

### DEFENDANT'S APPEAL.

WALKER, J. The defendant contended that the plaintiff could recover only $100 and interest, as the jury had found that there was a false and fraudulent representation as to the amount of

the encumbrance on the timber, for the purchase price of which the last of the notes was given. This is true, but the issue was so worded as to call only for an assessment of the amount of damages to the defendant by reason of the false representation. It is not so framed as to permit a reduction of the amount of the note, as of its date, to one hundred dollars, or in other words, as the jury have merely assessed the damages, the amount thereof must be deducted from the amount due on the note, as of the time of the trial and not as of the date of the note. This was done by the court, and there was, therefore, no error in refusing to sign the judgment which was tendered by the defendant, nor do we find any error in the other rulings of the court.

No error.