Note.—See under (1) 8 C. J. p. 504, §710; p. 1022, §1337; anno. 29 L. R. A. (N. S.) 351; 44 L. R. A. (N. S.) 395; L. R. A. 1918F, 1148; 34 A. L. R. 1377; 3 R. C. L. p. 1073; 1 R. C. L. Supp. p. 972; 4 R. C. L. Supp. p. 234; 6 R. C. L. Supp. p. 220. (2) 3 C. J. p. 811, §730; p. 816, §731. (3) 38 Cyc. pp. 1567, 1569. (4) 38 Cyc. p. 1711; 14 R. C. L. p. 770; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. 776. (5) 38 Cyc. pp. 1778, 1779.

---

## TOM-PAH-PE v. RODDY.

No. 17614.    Opinion Filed Nov. 8, 1927.

Rehearing Denied March 20, 1928.

(Syllabus.)

**Bills and Notes—Negotiable Instrument Payable to Order—Assignee Without Indorsement not Holder in Due Course.**

A negotiable instrument, payable to the order of a person named, may be effectually transferred by mere delivery, and the assignee takes the legal title and may sue in his own name, but he takes subject to all equities between the original parties, although he obtained it for value without notice of defect.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action on note by Ida Roddy against Tom-Pah-Pe, commonly known as Rose Star Pratt. Judgment for plaintiff, and defendant appeals. Reversed.

J. M. Humphreys, for plaintiff in error.

Wilson, Murphy & Duncan, for defendant in error.

MASON, V. C. J. The defendant in error, Ida Roddy, as plaintiff, commenced this action to recover $1,515.40, with interest and attorney's fee, on a note executed on the 28th day of July, 1924, by the plaintiff in error, Rose Pratt, and to foreclose a real estate mortgage given to secure the same.

The plaintiff alleged that said note was executed and delivered to one Bright Roddy and that thereafter, and before maturity, the plaintiff purchased said note from him on the 1st day of August, 1924, for a valuable consideration, in due course and in good faith. Defendant's demurrer to plaintiff's petition was overruled and exceptions saved.

Defendant filed answer admitting the execution and delivery of said note, but alleged that it was executed and delivered by reason of misrepresentation and fraud on the

part of Bright Roddy, the payee, without consideration, and that the plaintiff had knowledge thereof at the time of accepting said note.

A plea of intervention was filed by one Arthur H. Lamb, but on the trial of the cause, judgment was rendered against him, and he has not perfected an appeal.

The uncontradicted evidence in the case is that the plaintiff purchased the note sued on from Bright Roddy before maturity, for value and without notice of defects in the title. Other evidence supported the defendant's contention that said note was without consideration.

At the conclusion of all the evidence, the trial court concluded that the plaintiff was. a holder in due course; that, therefore, the failure of consideration was no defense, and that the defendant had failed to establish other defenses pleaded. The jury was discharged and judgment was rendered for the plaintiff for the amount sued for, from which the defendant appeals.

For reversal, it is first urged that the trial court erred in overruling defendant's demurrer to plaintiff's petition, it being contended that the petition fails to state a cause of action in favor of the plaintiff because the copy of the note attached to the petition does not show any indorsement from the payee to the plaintiff. The petition, however, contains allegations that the plaintiff purchased said note from the payee before maturity for a valuable consideration, and in considering defendant's demurrer said allegations must be taken as true. In order to overcome this rule, the plaintiff in error cites and relies upon many cases which hold that where there is a variance between the written exhibit attached to the petition in a civil action and the allegations of the petition itself, the exhibit must control. This rule, in our opinion, is not applicable here. Although the note, which is a written instrument, is the foundation of the plaintiff's action and under the rule referred to, its provisions would govern over contrary allegations in the petition, yet it is not necessary that the transfer of the note from the payee to the plaintiff be indorsed on the note.

Section 7719, C. O. S. 1921, provides:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer. But for the purpose of

determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

Therefore, it not being necessary that the transfer be indorsed on the note, the allegations of the petition were sufficient as against defendant's demurrer.

It is next insisted that the court committed reversible error in taking the case from the jury and rendering judgment for the plaintiff. Such ruling of the court would have been proper if the plaintiff had been a holder in due course, but the note sued on did not bear a commercial indorsement from Bright Roddy, the payee, and, therefore, the plaintiff's cause of action was subject to the same defenses as were available against the payee. See last portion of section 7719, supra.

In the case of Gault v. Kane, 44 Okla. 763, 145 Pac. 1128, the third paragraph of the syllabus is as follows:

"A note payable to order can be transferred free from all equities between the original parties to it, only by indorsement, and a transferee of such note must both allege and prove that the note was transferred by indorsement, if he desires to avoid such equities as may be set up against it."

Daniel on Negotiable Instruments, section 741, uses this language:

"Where a bill or note payable 'to order' is transferred without indorsement, the transferee does not acquire the legal, but only the equitable, title. The holder under such a transfer must plead and prove the assignment, for the mere possession of the instrument is not evidence of ownership, and its exhibition in a suit not sufficient ground of recovery. And he can only stand in the shoes of his assignor and recover subject to such defenses as were available against him, although he took it in good faith for value."

In 2 Randolph on Commercial Paper, section 778, the following rule is announced:

"If a bill is payable to order, and transferred without indorsement, its transfer will be subject to defenses existing against the transferor. To be clear of defense it must be indorsed before maturity and before notice of the defense has come to the transferee. An assignment in like manner, unaccompanied by an indorsement, is subject to defense."

In Crawford, Ann. Neg. Instr. Law, p. 90, we find the following:

"Effect of Transfer Without Indorsement. —Under this section a negotiable instrument, payable to the order of a person

named, may be effectually transferred by mere delivery, and the assignee takes the legal title, and may sue in his own name; but he takes subject to the defenses in favor of prior parties. Martz v. State Nat. Bank, 147 App. Div. (N. Y.) 250; Meuer v. Phoenix Nat. Bank, 42 Misc. (N. Y.) 341; Bank of Bromfield v. McKinley, 53 Colo. 279; Callahan v. Louisville Dry Goods Co., 140 Ky. 712; Foster's Admr. v. Metcalf, 144 Ky. 385; First Nat. Bank v. Stam, 186 Mo. App. 439; Sublette v. Brewington, 139, Mo. App. 410; Carter v. Butler, 264 Mo. 306: Keifer v. Tolbert, 128 Minn. 519; Steinhilper v. Basnight, 153 N. C. 293; First Nat. Bank of Pomeroy v. McCullough, 50 Ore. 508; Landis v. White, 127 Tenn. 504; Ireland v. Scharpenberg, 54 Wash. 558; Smith v. Nelson, 212 Fed. Rep. 56. But under the statute, as well as under the law merchant, the indorsement is required to constitute the transferee a holder in due course. Mayers v. McRimmon, 140 N. C. 640, 642-643. Thus, the purchaser of a certified check, payable to order, who obtains title without the indorsement of the payee, holds it subject to all equities between the original parties, although he paid full consideration, without notice. Goshen National Bank v. Bingham. 118 N. Y. 349: Jenkins v. Wilkinson, 113 N. C. 532."

We must conclude that, under the state of pleadings and the evidence in this case, the trial court was not warranted in taking the case from the consideration of the jury and rendering judgment in favor of the plaintiff.

The judgment is reversed, and the case is remanded for a new trial.

BRANSON, C. J.. and LESTER, HUNT, CLARK and HEFNER, JJ., concur.

Note.—See 8 C. J. p. 388. §575: p. 820. §1082: p. 833, §1093: 3 R. C. L. p 966; 1 R. C. L. Supp p. 834; 4 R. C L. Supp. p. 224.