### BENNETT v. STEWART et al.

No. 18173.   Opinion Filed June 19, 1928.

(Syllabus.)

1. **Appeal and Error—Affirmance—Brief Defective as to Specification of Errors and Setting Forth Pleadings.**

Disregard of rule 26 of this court, requiring the brief of the plaintiff in error to contain an abstract of the transcript setting forth the material parts of the pleadings and to separately set forth and number the specifications of error relied upon, warrants an affirmance of the judgment.

2. **Bills and Notes—Transfer of Negotiable Note Payable to Order Without Indorsement by Payee—Title in Assignee Subject to Equities.**

A negotiable instrument payable to the order of a person named, although not indorsed by the payee, may be effectually transferred by mere delivery, and the assignee takes the legal title and may sue in her own name, but she takes subject to all equities between the original parties, although she obtained it for value without notice of defect.

3. **Same—Action on Note—Judgment for Defendant Makers Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action by Mary C. Bennett against O. F. Stewart and Lena P. Stewart. Judgment for defendants, and plaintiff brings error. Affirmed.

Kirshner, House, Stroheker & Bennett and W. T. Williams, for plaintiff in error.

J. N. Fortner and Jno. C. Head, for defendants in error.

HEFNER, J. This is an action by the plaintiff in error, Mary C. Bennett, against the defendants in error, O. F. Stewart and Lena P. Stewart, on a promissory note made by the defendants to the order of the Conservative Loan & Trust Company, a corporation, in the sum of $1,000, and for foreclosure of a real estate mortgage given to the Conservative Loan & Trust Company to secure the payment of the note. To the petition of the plaintiff the defendants filed their answer, in which, among other things, they stated that the note to the Conservative Loan & Trust Company was without consideration in that they received nothing of value from the Conservative Loan & Trust Company or any other person for said note, and on the trial of the case the evidence showed that the defendants received nothing of value for said note and mortgage. The defendants further alleged that the note sued on is not a negotiable instrument and that the plaintiff is not an innocent purchaser of the same.

The note was made payable to the order of the Conservative Loan & Trust Company, but it does not bear the indorsement of the Conservative Loan & Trust Company, but does bear the indorsement of the Conservative Loan Company, and the facts in this case show that the Conservative Loan & Trust Company, the payee of the note, is a separate and different corporation from that of the Conservative Loan Company, the indorser of the note.

Under these facts, the trial court held that the plaintiff was not an innocent purchaser of the note, because it was not indorsed by the payee thereof, and rendered judgment for the defendants.

The plaintiff has not complied with rule 26 of this court in that the brief does not contain an abstract or abridgment of the transcript setting forth the material parts of the pleadings nor the specifications of errors complained of, separately set forth and numbered. This alone would warrant an affirm-ance of the judgment. (Lohman v. Stockyards Loan Co., 243 Fed. 517.)

Notwithstanding plaintiff's failure to comply with rule 26, we shall pass upon the material issues raised in this case.

Plaintiff urges that the defendants' answer was not verified and was not sufficient, for that reason, to put in issue either the ownership of the note or the claim that the plaintiff was not the holder thereof in good faith, and does not put in issue the indorsement of the note. This question was not presented to the lower court. It appears that the verification was signed by one of the defendants, but was not sworn to. This was not called to the attention of the court, and the case was tried upon the theory that the verification was had, and no question of the insufficiency was raised in the trial court.

In the case of Burford v. Hughes, 75 Okla. 150, 182 Pac. 689, this court said:

"An allegation of an agency in a pleading must be taken as true unless denied under oath; but, if no objection is made to the introduction of evidence to prove or disprove agency, then this statutory requirement is waived, and in such case it is the duty of the court to submit the issue of agency as though the pleading denying agency was verified."

When the verification of the answer was not called to the attention of the trial court and the case was tried upon the theory that the verification was had, and no question of the insufficiency was raised in the trial court, and no objection was made to the introduction of evidence to prove or disprove the indorsement of the note, then the statutory requirement was waived.

The trial court refused to admit in evidence an agency contract between the defendants and the Conservative Loan & Trust Company. Did the court commit error in sustaining the objection to the introduction of the agency contract?

The answer of the defendants pleads want of consideration; denies that the defendants had ever received any value for the note; specifically denies that plaintiff is the owner of the note obtained in due course of business; and specifically denies that the plaintiff is the holder of said note. The reply of the plaintiff is a general denial. The issues as made by these pleadings were clearly defined, and the question of agency of the Conservative Loan & Trust Company was not in any manner raised. If, in her reply, the plaintiff had pleaded that the

Conservative Loan & Trust Company was the agent of the defendants in procuring the loan and receiving the payments thereon, etc., then the question of agency clearly would have been raised, and under those pleadings the agency contract would have been competent evidence. But, under the pleadings and issues in this case, we do not think the agency contract was competent evidence.

This brings us to the consideration of the question: Was the plaintiff a bona fide holder of the note? Absence or failure of consideration is a matter of defense as against any person not a holder in due course. (Section 7698, C. O. S. 1921.) An instrument is negotiated when it is transferred from one person to another in such a manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery. (Section 7700, C. O. S. 1921.) The indorsement must be written on the instrument itself, or upon a paper attached thereto. (Section 7701, C. O. S. 1921.)

The note involved in this case was made payable to the Conservative Loan & Trust Company. It was not indorsed by the Conservative Loan & Trust Company. It was indorsed by the Conservation Loan Company. These two companies are shown by the evidence to be two separate and distinct corporations, both chartered by the state of Oklahoma. The plaintiff, therefore, held the note without any indorsement whatsoever by the payee. It necessarily follows the note was transferred by mere delivery to her and she took it as an assignee subject to all the equities between the original parties.

In the recent case of Tom-Pah-Pe v. Roddy, 130 Okla. 54, 265 Pac. 128, this court had under consideration a note wherein it was shown the holder purchased same before maturity for value, but it was not indorsed by the payee, and in that case it was said:

"A negotiable instrument, payable to the order of a person named, may be effectually transferred by mere delivery and the assignee takes the legal title and may sue in his own name, but he takes subject to all equities between the original parties, although he obtained it for value without notice of defect."

Since the plaintiff took the note subject to all equities between the original parties,

and since the evidence shows that the defendants received no consideration whatever for the note from the original payee therein nor from anyone else, it necessarily follows that the judgment of the trial court must be affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1408, §1584; p. 1414, §1588. (2) 8 C. J. p. 385, §570; p. 389, §575; p. 833, §1093. (3) 8 C. J. p. 1048, §1359.