## MORGAN v. DANIELS.

No. 19024. Opinion Filed Feb. 18, 1930.

Commissioners' Opinion, Division No. 2.

W. C. Alley and Sid White, for plaintiff in error.

Ames, Cochran, Ames & Monnett, Cochran & Noble, and Whipple & Rosenbloom, for defendant in error.

HERR, C. This is an action originally brought in the district court of Okmulgee county by Katie Daniels, nee Fixico, by Joseph Bruner, as next friend, against V. V. Morgan to set aside a trust deed executed by her to said defendant. The trial was to the court, resulting in a judgment in favor of plaintiff. Defendant appeals.

Our attention is called to the fact that the defendant, in the preparation of his brief, has made no attempt to comply with Rule number 26 of this court. The brief contains neither an abstract of the pleadings nor the evidence, and no errors are assigned. It is impossible to determine from his brief what the issues in the trial court were.

Counsel for plaintiff have filed an exhaustive brief and have furnished a thorough and complete abstract of the pleadings and of the evidence.

The deed of trust in question was as-

sailed on the ground of fraud inducing its execution. The trial court held the transaction fraudulent and rendered a decree canceling the deed. We have carefully read and verified the abstract of the evidence prepared and furnished by counsel for plaintiff, and have examined the authorities cited in their brief. It clearly appears therefrom that the finding and judgment of the trial court is abundantly sustained by the law and the evidence.

The sufficiency of the evidence to sustain the judgment is not challenged by defendant; none of the evidence is set out in his brief; and, as before stated, no errors are assigned by him. The record contains more than 900 pages of closely printed matter. Under the circumstances, we do not feel called upon to search the record for the purpose of discovering error: nor under the law are we obliged to do so. In the case of Bennett v. Stewart, 131 Okla. 235, 268 Pac. 286, it is said:

"Disregard of Rule 26 of this court, requiring the brief of the plaintiff in error to contain an abstract of the transcript setting forth the material parts of the pleadings and to separately set forth and number the specifications of error relied upon, warrants an affirmance of the judgment."

The only proposition discussed by defendant is the following statement made by the trial court at the conclusion of the evidence.

"The Court: In making this decision, I am casting out of the way all questions of fraud, actual or constructive, on the part of those that were acting as a friend of the plaintiff, and as to the defendant."

It appears that at the trial a stipulation was entered into between the parties to the effect that the only issue to be determined by the trial court was whether the trust deed in question was procured by defendant through fraud, and it was further stipulated that said deed was presumptively fraudulent, and that the burden was on defendant to establish good faith.

It is argued that, from the remarks made by the trial court, the judgment was evidently based on a theory not within the issues and contrary to the stipulation. In answer to this contention, it is sufficient to say that, in the signed and recorded journal entry of judgment, the court finds plaintiff's allegations of fraud to be true. Defendant excepted to this finding on the ground that it was contrary to the oral announcement of the court, and thereupon prepared and submitted to the court a journal entry of judgment in which was incorporated a finding that there was no fraud in procuring the deed. This journal entry the court refused to sign. Defendant, in his brief, assigns neither of these rulings as error; nor does he argue or assign as error insufficiency of the evidence to establish fraud; nor does he argues that the evidence offered by him is sufficient to overcome the presumption of fraud.

In these circumstances, nothing is presented to this court for review. Judgment should be affirmed.

BENNETT, REID, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 3 C. J. §1588, p. 1414, n. 62.