### CONRAD v. JAMES.

No. 23878.   Oct. 1, 1935.

Miles & Miles, for plaintiff in error.

Loofbourrow, Holcomb & Loofbourrow, for defendant in error.

CORN, J. This is an action filed by the plaintiff in error against the defendant in error for judgment on vendor's lien note executed by the defendant in error at San Juan, Hidalgo county, Tex., and payable to Gibberson-Miller Developing Company or order at San Juan, Tex. The petition alleges the execution and delivery of the note for a valuable consideration in the sum of $1,215, payable on or before October 27, 1929; that the plaintiff is the owner and holder of said note, entitled to the full benefits thereof, and that he became owner and holder of said note before maturity and for a good and valuable consideration. The petition alleges that the note was not paid when due, and prays judgment for the amount, attorney's fees, and other proper relief. A copy of said note is also attached as an exhibit. There is no direct allegation of indorsement.

Defendant filed an answer denying generally everything except what he admits. In substance the defendant denies that the note was indorsed to the plaintiff for value and before maturity, or that the plaintiff is the owner and holder thereof, but alleges that the note belonged to the Gibberson-Miller Developing Company, a copartnership. Defendant admits execution of the note, claims it was wholly without consideration; that said note was given as part purchase price of a tract of land in Hidalgo county, Tex., as

set out in plaintiff's petition and shown on the face of the note; that the Gibberson-Miller Developing Company represented to the defendant that said land was all irrigated, free from seepage and overflow, well drained, and as good land as could be found in the Rio Grande Valley; that fraud was used in the sale of said land; that as a further representation the Gibberson-Miller Developing Company represented and warranted that for a further consideration of $150 per acre said company would plant said land to citrus fruit and would deliver same to defendant within a period of three years with a stand of 100 per cent. growing and bearing trees. Among other things defendant al'eges, generally, failure of the entire consideration, fraud, and failure to plant trees as a part of said agreement. Defendant's answer was not verified.

To this answer the plaintiff filed his reply, demurring generally to the answer; alleging that the note was a Texas contract; that plaintiff took the note in due course of business before maturity and without notice of any defense; that under the laws of the state of Texas said note was a negotiable note; and that plaintiff, as a holder in due course, could not be subjected to the defense set out in defendant's answer.

Plaintiff in error was plaintiff in the trial court, and defendant in error was defendant in the trial court. For convenience they will be designated as they appeared in the lower court.

A jury having been waived by both parties, the case was tried to the court and the following judgment rendered:

"This cause coming on for hearing this 25th day of January, 1932, the plaintiff appearing by his attorneys, Miles & Miles and the defendant appearing in person, and by his attorney Stacey Wells; Thereupon, plaintiff and defendant announced ready for trial and testimony of plaintiff and defendant was taken, whereupon both sides closed and the court took the case under advisement, and each side submitted briefs.

"Now, on this 22nd day of February, 1932, this cause comes on for decision and the court finds that the first question to be decided is whether or not the plaintiff is a holder in due course.

"The evidence of Carl T. Conrad shows that the firm of Gibberson-Miller Developing Company, payees in the note, were a partnership composed of B. L. Miller and R. C. Gibberson at the time of the execution of the note on October 26, 1926. That sometime in 1928, the partnership was dissolved and R. C. Gibberson took over the partnership assets, including this note. About the same time Carl T. Conrad, in some manner not disclosed by the record, became the joint owner of said note with R. C. Gibberson, and they owned said note jointly until on or about June 1, 1929, when it was negotiated to Alex A. Conrad, plaintiff herein for $1,093.50 by the partnership of Carl T. Conrad and R. C. Gibberson. The testimony of Alex A. Conrad bears out the testimony of Carl T. Conrad.

"The note shows to have been endorsed in blank, without recourse by B. L. Miller, which bears out the testimony of both Alex A. Conrad and Carl T. Conrad. There is no endorsement of this note by the owners Carl T. Conrad and R. C. Gibberson at the time it was sold to Alex A. Conrad, or at any other time. The transfer of the note to Alex A. Conrad was a transfer without endorsement. and the rights of the owner and holder of this note are governed by article 5934, sec. 49 of Texas Statutes introduced in evidence, which is the same as running section 7719 of the 1921 Okla. Comp. Statutes, which has been construed by the Oklahoma courts, and in the absence of any proof to the contrary, I conclude that the same construction is placed upon it by the Texas courts, as I view this note to be a Texas contract.

"Tom-Pah-Pe v. Roddy, 130 Okla. 54, 265 P. 128, and Bennett v. Stewart, 131 Okla. 235, 268 P. 286, and cases cited therein, hold 'A negotiable instrument payable to the order of a person named may be effectually transferred by mere delivery and assignee takes the legal title and may sue in his own name, but he takes subject to all equities between the original parties, although he obtained it for value, without notice of defect.' I therefore conclude that Alex A. Conrad is not a holder in due course.

"The remaining question, Did defendant make out the defenses pleaded in his answer of failure of consideration, fraud and misrepresentation, and failure to cultivate orchard after it was set out? I am convinced that there was a partial failure of consideration, some fraud and a total failure to cultivate the orchard in a husbandlike manner. The defenses proven are sufficient to defeat recovery on the note. It is therefore, ordered, decreed and adjudged that defendant have judgment in his favor with his costs.

"(Signed) F. Hiner Dale, Judge."

The plaintiff confines his argument under three headings to wit:

(1) That the court erred in not holding that plaintiff in error was a holder in due course of the note sued upon, and therefore defendant in error could not avail himself of the defense of no consideration.

(2) That the court erred in allowing evidence of a breach or partial breach of an

56

outside and entirely separate contract, as failure of consideration of the contract sued upon, by plaintiff in error.

(3) That the court erred in not rendering judgment in favor of plaintiff in error, under the evidence, for the reason that defendant in error wholly failed to prove no consideration for the note and contract sued upon, or fraud in the procuring of said note on the part of plaintiff in error.

The indorsement on the back of the note is as follows:

"Payable to: G. M. Dev. Co.
"Without recourse on me in any event:
"(Signed) B. L. Miller."

The evidence shows that the Gibberson-Miller Developing Company was a copartnership, composed of R. C. Gibberson and B. L. Miller. The note was executed and made payable at San Juan, Tex., and is therefore a Texas contract and governed by the laws of the state of Texas. Article 5934, section 49, of the Texas Statutes provides:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires in addition the right to have the endorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

If this indorsement is not sufficient to make Conrad a holder in due course, then fraud and failure of consideration would be a defense to this action on behalf of James in a suit by Conrad.

Section 41 of article 5934, Texas Statutes, provides:

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse unless the one indorsing has authority to endorse for the other"

—and by its exceptions shows that one partner may indorse a note.

The cases cited by plaintiff on this proposition are not in point. From the appearance of the indorsement on the note and from the best information we can get from an examination of the record, it is plain that through some kind of dealing between Gibberson and Miller, Miller transferred what right, title, and interest he had in the note to Gibberson by said indorsement, and there were no other indorsements leading up to the possession and ownership of the note by

the plaintiff. Therefore, Conrad was not a holder in due course. Having decided the first proposition, that the indorsement is not sufficient to cut off defenses by the maker of the note, we will next take up the plaintiff's second proposition.

There seems to be some merit in this contention. Assuming but not expressing an opinion that the court was in error in admitting testimony on this proposition, we will pass to assignment number 3 and see whether there is sufficient evidence of fraud and failure of consideration upon which the judgment of the court can be sustained.

Mr. James testified that at the time he bought the land for which the note was given, Mr. Gibberson stated to him that it was as good land as there was in the Valley, that it would grow anything, and three crops a year could be raised off of it, that he could pay for it in a year from what he could raise off of it, and that none of the land was seepy and all of it was suitable for citrus fruits.

Two other witnesses in behalf of the defendant in substance testified there were at least two acres of the land that were seepy and not suitable for citrus fruits. Another witness for the defendant, who had made a trip to Texas and viewed this particular tract of land, testified that from a close inspection there was no evidence that he saw of any trees ever having been planted on three acres of the land, and there were, in his judgment, at the time he looked at the land, at least six acres of it upon which no citrus fruits could be grown, unless the drainage ditch to the north could be deepened to check the flow of seepage.

There is further evidence to the effect that by the terms of the original contract the seller was to plant the entire tract of land sold to citrus fruit.

The testimony of the witnesses for the plaintiff are conflicting with the testimony of the witnesses for the defendant. It was therefore a proper matter to be passed upon by the trial court.

Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal.

We find sufficient evidence to support the judgment of the trial court. The judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.