## HIVICK v. MARTIN.

No. 29603. Nov. 19, 1940.

*107 P. 2d 540.*

Glenn O. Young, of Sapulpa, for plaintiff in error.

Cheatham & Smith, of Bristow, for defendant in error.

PER CURIAM. This action was brought to recover damages to a leasehold estate alleged to have been occasioned by the pulling of casing from an oil well located on said leasehold and damages for the conversion of the casing pulled from said well. The parties appear here in the same order as they did in the trial court and will be referred to as plaintiff and defendant.

The pleadings raised two issues of fact for determination, namely, whether the leasehold estate had been damaged by the pulling of the casing from the well in controversy and whether the plaintiff owned an interest in the casing alleged to have been converted. The action was one at law. The parties waived a jury and tried the cause to the court. The court found, in effect, that the pulling of the casing from the well in controversy had not injured the leasehold estate and that the plaintiff had no interest in the casing, and that therefore the same had not been converted by the defendant, and rendered judgment in favor of the defendant. Motion for new trial was overruled, and plaintiff has perfected this appeal.

The plaintiff assigns seven specifications of error, which are presented under two propositions as follows:

"Wrongful destruction of an oil well is a tort for which damages may be recoverable in an action at law.

"The measure of damages for the destruction of an oil well and the conversion of casing therein is the cost of drilling another and the reasonable market value of the casing."

Assuming, without deciding, that the aforesaid propositions are correct as abstract statements of the law, we fail to perceive where they have any application to the question which we are called upon to decide, that is, whether the judgment of the trial court is supported by any competent evidence. We have carefully examined the record and find therefrom that the evidence, while in conflict in some particulars, was sufficient to support the findings of the trial court that the interest which the plaintiff owned in the leasehold estate did not extend to the casing or any of the equipment used thereon and that the well in controversy had been pulled by the defendant in the exercise of the right which he possessed to do so and that the condition of the well at the time that it was pulled was such that the pulling had not resulted in any damage to the leasehold.

The action having been tried to the court without the intervention of a jury, the judgment of the court must be given the same consideration as the verdict of a properly instructed jury. Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758; Conrad v. James, 174 Okla. 54, 49 P. 2d 718. Applying such rule to the judgment in the case at bar, we find that there is ample competent evidence to support said judgment on the facts and that no error of law is shown, and that therefore said judgment should not be disturbed.

Judgment affirmed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, and NEFF, JJ., concur.