**MAY v. CITY NAT. BANK & TRUST CO.**

No. 35633.

Supreme Court of Oklahoma.

June 23, 1953.

Rehearing Denied July 14, 1953.

furnished capital to one Jones, who was known in the business as a "clearee". Jones used the capital to buy and sell cattle as an independent trader; he kept all profits and sustained all losses, paying May a commission per head for the use of the capital. On three dates named in the petition, Jones sold cattle to three individuals who gave him checks totaling about $6,000; the checks were made out to Jones. Jones (following a custom between him and May) delivered the checks to May's office without indorsement to apply on his indebtedness to May; the checks were allegedly stolen by May's bookkeeper, who, without authority, indorsed the name of Jones on the checks, added his own indorsement, cashed the checks at defendant City National Bank, and made off with the proceeds. These checks were drawn on banks at Vici, Oklahoma, Amarillo, Texas, and Clayton, New Mexico, and defendant City National was a "cashing" bank only.

The petition also alleged that May was the true payee of the checks and that they were made out to Jones by mistake; however, this is a direct contradiction of the allegations summarized above; the contradictory allegations cannot under any theory be made compatible, and we hold that the petition pleads that the checks were correctly made out to Jones and were owned by him, and that he assigned or transferred them to May without indorsement. The same may be said of the allegations in the petition that Jones was acting as agent of May in accepting the checks, and that May was entitled, in the first instance, to the proceeds of the checks.

Defendant demurred to the petition; the demurrer was sustained. Plaintiff stood upon his petition, the cause was dismissed, and plaintiff has duly appealed to this court.

▉ In his brief, and in oral arguments before this court, plaintiff proceeded under the theory that May was the "true payee" and the real party in interest and was therefore entitled to recover from defendant City National in a common-law action for conversion, and not under the provisions of the Negotiable Instruments Law, Title 48, O.S.1951. As we have seen, the facts alleged in the petition, which we deem

Farmer & Kerr, Oklahoma City, for plaintiff in error.

Tom W. Garrett, Garrett & Garrett, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Plaintiff May sued defendant City National Bank and Trust Company for about $6,000, alleging a set of facts substantially as follows:

May was engaged in the livestock commission business in Oklahoma City; pursuant to a custom of the business, May

to be controlling over contrary averments therein, amount to a pleading that May was the owner and transferee or assignee by delivery of the checks.. As such, he was not a holder in due course, since there was no indorsement by Jones. One who receives a check for value without indorsement takes whatever title the assignor had, and may sue on the check in his (assignee's) own name. Tom-Pah-Pe v. Roddy, 130 Okl. 54, 265 P. 128. The question then arises whether the payee or other owner of a check may maintain such an action as this against a bank which has cashed the check on a forged indorsement, where said bank is not the drawee bank.

■ The question has heretofore been decided in favor of plaintiff in Bell-Wayland Co. v. Bank of Sugden, 95 Okl. 67, 218 P. 705. Therein the court said:

"If a check is paid by a bank, other than the payee [sic.; undoubtedly means drawee], upon a forged or unauthorized indorsement, and is collected by it from the drawee, the payee or rightful owner of the check may recover the amount thereof from the bank, such right of the payee to recover being conditioned on the absence of any fault or laches on his part, and upon the absence of a ratification of the indorsement by him."

In this case the court referred to Crisp v. State Bank of Rolla, 32 N.Dak. 263, 155 N.W. 78, and said:

"* * * it was held that where a check sent by mail was intercepted on its way, and the indorsement of the payee forged thereon, and the check cashed by the intermediary bank, which in turn collected such check through its correspondent from the drawee, the payee of the check might recover of the intermediary bank in an action of trover for the conversion of such check."

Although this is apparently the only time this court has had occasion to pass upon the precise point here involved, this view is amply supported by the rulings from other jurisdictions, and is in accord with the weight of authority. See George v. Security Trust & Sav. Bank, 91 Cal.App. 708, 267 P. 560; National Union Bank v. Miller Rubber Co., 148 Md. 449, 129 A. 688; Charleston Paint Co. v. Exchange Banking & Trust Co., 129 S.C. 290, 123 S.E. 830; Labor Bank & Trust Co. v. Adams, Tex.Civ.App., 23 S.W.2d 814; California Stucco Co. v. Marine National Bank, 148 Wash. 341, 268 P. 891, 67 A.L.R. 1531. Also see annotation in 67 A.L.R. 1535.

In the case at bar, there is no contention that the petition alleges that either May or Jones ratified the forged endorsement by the bookkeeper.

Defendant presents six propositions to the general effect that the demurrer was properly sustained. The first one is that "A demurrer admits only facts well pleaded, and where conclusions are contrary to facts and exhibits in the petition, they are not admitted by special demurrer and do not aid petition to state a cause of action". This argument challenges the position of plaintiff that May was the "true payee" and original owner of the check. As we have shown above, this position of plaintiff is untenable, and the facts alleged in the petition show that May was the assignee by delivery, not the original owner or payee, of the checks. However, as such assignee, he has the right to maintain this action in his own name, Tom-Pah-Pe v. Roddy, supra, and the argument is therefore immaterial.

■ Defendant's second argument is that the real party in interest must be the sole owner of the cause of action, and plaintiff must allege facts upon which a judgment may be rendered barring all other parties. As we have heretofore shown, the petition alleges in effect that Jones assigned the checks to May by delivery. It is elementary that the truth of this allegation is admitted for purposes of the demurrer; therefore, Jones, having so assigned them to May, cannot maintain an action upon them, since May now has whatever title or interest Jones formerly had in the checks. See 48 O.S.1951 § 100, which provides that where the holder of an instrument transfers it without indorsement, the transfer "vests in the transferee such title as the transferrer had therein".

948

The third proposition is that defendant owed plaintiff no duty, and that no breach of duty is shown. In this connection, we recall that this suit is based on the theory of conversion. The elements necessary to constitute a cause of action for conversion are considered generally in 53 Am. Jur. pages 936 to 941. They include a description of the property involved, allegations as to interests in the property, the time and place of conversion, and the acts constituting conversion. See Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okl. 310, 55 P.2d 1003, the court's syllabi 1 and 2. As is shown below, no demand need be made. An examination of the pleadings in the case at bar show that all the elements of a cause of action for conversion are included, and this proposition is therefore inapplicable. See Bell-Wayland Co. v. Bank of Sugden, supra, wherein the court said:

"* * * but these cases base the payee's right of action not upon any privity between him and the drawee, but upon the ground that his property has been wrongfully taken from him."

The duty not to convert the property or funds of another inheres in the fact of the ownership thereof in such other.

Defendant's fourth and fifth propositions concern misjoinder of causes of action and failure to make demand for return of the property. Since no authority of any kind is presented in support of these propositions, it is not deemed necessary to consider them here. However, assuming for the purposes of discussion only, and without deciding that plaintiff's three counts sued on herein were improperly joined (and any doubt as to whether allegations make pleadings demurrable for misjoinder should be resolved so as to sustain the pleadings, Meshek v. Cordes, 164 Okl. 40, 22 P.2d 921, attention is directed to Coody v. Coody, 39 Okl. 719, 136 P. 754, 755, L.R.A.1915E, 465 wherein this court said, in interpreting R.L.1910, sec. 4743, 12 O.S.1951 § 270:

"Had the court sustained them [meaning demurrers] upon the ground of misjoinder of causes of action, it would have been its duty to so state

at the time in order to afford plaintiff an opportunity to move to be allowed to file separate petitions, each to include such of said causes of action as might have been joined, and had them each docketed pursuant to section 4743, Rev.Laws 1910."

We are not disposed to hold that the demurrer was properly sustained by the trial court upon the ground of misjoinder of causes of action in the absence of notice to plaintiff that such was the basis of the court's ruling, and where plaintiff was afforded no opportunity to file and have docketed separate petitions embracing the several counts sued upon. In passing, we also note that according to 53 Am.Jr., Trover and Conversion, section 172, no demand is necessary in a case such as this.

The last proposition is that plaintiff was guilty of laches and that at least one of the checks was barred by the statute of limitations, because it was cashed by the bookkeeper more than 2 years before the filing of this action. In connection with the bar of limitations, we note that the petition does not allege, and the record does not show, that the other checks were cashed more than 2 years before filing of suit. The following rule of law is therefore applicable:

"As against a demurrer a petition must be liberally construed, and all its allegations taken as true and admitted, and *if any fact stated entitles plaintiff to any relief,* the demurrer should be overruled." Cousins v. Wilson, 94 Okl. 29, 220 P. 923, 924. (Emphasis supplied.)

As to the question of laches, the following is applicable:

"The question of a plaintiff's laches cannot be made the ground of demurrer, unless the laches clearly appears from the face of the petition." Fibikowski v. Fibikowski, 185 Okl. 520, 94 P.2d 921, 922.

Considering the petition in the light most favorable to plaintiff, we cannot say that the laches "clearly appears" on the face thereof.

The judgment of the trial court is reversed, with directions to overrule defendant's demurrer to plaintiff's petition as amended.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and O'NEAL, JJ., concur.

ARNOLD, J., dissents.