**HOUSE–EVANS COMPANY, Plaintiff in Error,**

v.

**MATTOON TRANSFER AND STORAGE COMPANY et al., Defendants in Error.**

No. 36169.

Supreme Court of Oklahoma.

Oct. 12, 1954.

Houston, Klein, Melone & Davidson, John S. Treadway, Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, for defendants in error.

WELCH, Justice.

House-Evans Company sued Mattoon Transfer and Storage Company and the First National Bank and Trust Company for the amount of the proceeds of a certain draft collected by the said First National Bank from the drawee bank and credited to the account of the Mattoon Company. Upon motion of the defendant Mattoon Company it was ordered that Delores Grayson, Luther Grayson and Bankers Investment Company be made additional parties defendant. The defendant Mattoon Company, by answer, made denial of the allegations of the plaintiff's petition and averred that plaintiff's action and claim is barred by laches. By way of cross-petition the said defendant prayed recoupment against Delores Grayson, Luther Grayson and Bankers Investment Company in event any judgment is rendered against the said Mattoon Company. The defendant, First National Bank and Trust Company, in its answer denied certain of the allegations made in the plaintiff's petition, and averred that plaintiff is guilty of laches. The defendant Bank and Trust Company by way of cross-petition prayed judgment against the Mattoon Company in event of a judgment for plaintiff against said defendant, Bank and Trust Company. No service was obtained upon Delores Grayson and Luther Grayson, and neither made an appearance in the case. The Bankers Investment Company appeared at the trial of the case.

At trial it was shown that the plaintiff repaired a wrecked automobile at the instance of Luther Grayson and that plaintiff awaited an insurance check for payment for its service.

A certain insurance company issued a draft for $283.23 payable through a certain named bank of Wichita, Kansas, and payable to the order of Luther Grayson, Delores Grayson, Bankers Investment Company, and the plaintiff. The face of the draft contains the words "Claim Auto," and in substance the draft recites that the amount thereof is tendered in payment for loss and damages.

Delores Grayson tendered the said draft, which then purported to bear the endorsements of all payees, to the defendant Mattoon Company. Unknown to the plaintiff payee its name had been endorsed by forgery on the back of the draft. The Graysons were indebted to the said Mattoon Company for storage of household goods in the amount of $65.13. The said Mattoon Company received the draft and paid Delores Grayson the sum of $218.12. Subsequently the draft bearing the stamped endorsement of the Mattoon Company and the First National Bank & Trust Company of Tulsa, was paid through the drawee bank, and credited to the account of the Mattoon Company, in the First National Bank & Trust Company.

Several months thereafter the plaintiff first learned of the transaction whereby the Mattoon Company had received the draft and collected the proceeds thereof as aforesaid, and several months thereafter the plaintiff filed its suit against the Mattoon Company and the Tulsa Bank.

The trial court rendered judgment for the plaintiff and against the Mattoon Company, but only for the sum of $65.13.

The plaintiff appeals, and contends the judgment as rendered is erroneous in that under the evidence the plaintiff was shown entitled to joint judgment against the defendants, the Mattoon Company and the Tulsa Bank, and for the full amount of the draft ($283.23). The plaintiff also suggests the defendant Tulsa Bank in turn is entitled to a judgment against the Mattoon Company, as a prior endorser, for the amount of the plaintiff's judgment as against said defendant bank.

The evidence is not in dispute. The insurance company's draft, in which Luther Grayson, Delores Grayson, Bankers Investment Company, and the plaintiff, House-Evans Company, are named payees, was received by the Bankers Investment Company, who owned no interest in the draft or the proceeds thereof. The Bankers Investment Company endorsed it and delivered it to the Graysons, other payees, who endorsed it and delivered it to the defendant Mattoon Company. The said company, through the defendant Tulsa Bank, collected the proceeds of the draft.

■ We think the evidence reasonably establishes the fact that the draft was issued by the insurance company in payment for services by the plaintiff in repair of damages to the Grayson's automobile, and, accordingly, that the plaintiff was the owner of the draft, and was to have and receive it and the proceeds thereof, and that the payee plaintiff's endorsement of the draft was unauthorized and forged.

It is asserted by the defendant Mattoon Company that the plaintiff is without right to a recovery in that there was no delivery of the draft.

■ The draft was delivered by the insurance company upon delivery to the Bankers Investment Company, a payee named therein. This said payee was entitled to receive it and hold it for himself and the other payees, including the plaintiff. See, Hoffman v. First National Bank of Chicago, 299 Ill.App. 290, 20 N.E.2d 121. The fact that the draft did not reach the hands of the plaintiff payee is immaterial. See, 7 Am.Jur. Banks, § 597, infra.

The defendant Mattoon Company contends the plaintiff's claim against it is barred by laches.

■ The record reflects that several months elapsed from the date of the draft, which was issued payable to the plaintiff and other payees, before the plaintiff learned that it had been so issued and that it had been received by the other payees and that the proceeds of the draft had been collected. Several months elapsed thereafter before this suit was instituted.

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches' legal significance is not mere delay but a delay that works a disadvantage to another." Kirkpatrick v. Baker, 135 Okla. 142, 276 P. 193.

■ We find no evidence herein that the defendant Mattoon Company suffered any detriment through mere delay of the plaintiff in pressing its claim to the proceeds of the draft.

In 7 Am.Jur. Banks, § 597, it is stated:

"Although there are a few scattered cases to the contrary, the general rule established by nearly all courts is that a bank or other corporation which, or an individual who, has obtained possession of a check upon an unauthorized or forged indorsement of the payee's signature, and has collected the amount of the check from the drawee, is liable for the proceeds thereof to the payee or other owner, notwithstanding they have been paid to the person from whom the check was obtained. The theory underlying this rule has been expressed in various ways, all of which may be summed up in the statement that the possession of the check on the forged or unauthorized indorsement is wrongful, and when the money has been collected on the check, the bank, or other person or corporation, can be held as for moneys had and received. Generally, the fact that the check in question did not reach the hands of the payee has been held to be immaterial."

■ In Bell-Wayland Co. v. Bank of Sugden, 95 Okl. 67, 218 P. 705, and in May v. City National Bank & Trust Co., Okl., 258 P.2d 945, 947, the rule in this state is stated as follows:

" 'If a check is paid by a bank, other than the [drawee] bank, upon a forged or unauthorized indorsement, and is collected by it from the drawee, the payee or rightful owner of the check may recover the amount thereof from the bank, such right of the payee to recover being conditioned on the absence of any fault or laches on his part, and upon the absence of a ratification of the indorsement by him.' "

48 O.S.1951 § 92, provides:

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing had authority to indorse for the others."

Under the foregoing rule the defendant, the Mattoon Company and the Tulsa Bank,

being shown to have obtained possession and to have collected the amount of the draft from the drawee upon an unauthorized or forged endorsement of the payee plaintiff's signature, and plaintiff being the owner of the draft, they are liable to the plaintiff to the extent of the plaintiff's interest in the draft.

■ We find no evidence to sustain a plea of laches against the plaintiff or to show a ratification of the plaintiff's unauthorized endorsement. Upon the facts shown to exist, without contradiction, and upon the admissions of defendants, the plaintiff was entitled to judgment for $283.23.

The judgment is reversed, with directions that further proceedings be had consistent with the view herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.