MAX FOXMAN v. MISS KATHERINE J. HANES.

(Filed 20 December, 1940.)

**1. Bills and Notes § 22—**

Evidence that the payee of a post-dated check given in part payment of the purchase price of an oil painting, procured its execution by false representations that the painting was by an old master, whereas in fact the painting was by an unknown artist and comparatively worthless, is sufficient to show that the execution of the check was procured by fraud constituting a defense to an action on the check by the payee or by a holder not a holder in due course. C. S., 3030.

**2. Same: Bills and Notes § 9f—**

The holder of a check made payable to order who is not the payee thereon, is merely the equitable owner in the absence of evidence of endorsement by the payee notwithstanding evidence that he paid full value

for it, and the maker's proof that the execution of the check was procured by fraud constitutes a valid defense as against such holder.  C. S., 3010.

**3. Evidence § 22—**

The right to cross-examine an opposing witness is a substantial right, but while the latitude for the purpose of impeachment is wide, it must be confined within the bounds of reason and to the questions rationally tending to effect the credibility of the witness.

**4. Appeal and Error § 41—**

Where, upon the uncontradicted testimony relating to the merits, defendant is entitled to a peremptory instruction in her favor, plaintiff's exceptions to the latitude allowed in the cross-examination of his witness and to the admission of certain expert testimony relating to a matter not germane to the defense, are immaterial and need not be decided.

APPEAL by plaintiff from *Warlick, J.,* at February Term, 1940, of FORSYTH.  No error.

Action to recover on a post-dated check for $2,500, signed by the defendant.  Defendant alleged that the execution of the check was procured by fraud.

In October, 1937, defendant purchased from one Victor B. Lonson for $5,000 an oil painting falsely represented to be the work of the celebrated English artist, John Constable.  Lonson held himself out to be an expert in matters of art and to represent a New York art gallery.  In payment for the painting which she had been thus induced to purchase, defendant signed and gave to Lonson a check for $2,500, post-dated 15 April, 1938.  She also gave him a check for $500 which was paid, and a post-dated check for $2,000, payment on which was stopped.  This action concerns only the $2,500 check.

Plaintiff Foxman testified that he acquired the $2,500 check 10 November, 1937, from Jacob Tobachnick, and paid the full amount thereof.  Payment was evidenced by three checks on Corn Exchange Bank Trust Co., payable to Paul S. Van Baarn.  Plaintiff offered in evidence the check in suit, which it was admitted was signed by the defendant.  There was no proof of endorsement on the back of. the check.  The writing thereon appearing was, on objection, excluded by the court.  No exception to this ruling was noted by the plaintiff.

Plaintiff's testimony was in the form of a deposition taken before a notary in New York.  Plaintiff did not appear in person at the trial.  In the deposition it appeared that on cross-examination plaintiff testified that he was a resident of New York, was in the retail laundry business, was born in Russia, though a naturalized citizen since 1925, and was of Jewish race.  Exception was noted to this evidence.  It was testified that Paul S. Van Baarn was the brother of Victor B. Lonson.

FOXMAN *v.* HANES.

The three checks drawn by plaintiff on the Corn Exchange Bank Trust Co., payable to Paul S. Van Baarn, which plaintiff testified were given in payment for the $2,500 check in suit, were stamped on back "Received payment thru New York Clearing House. Federal Reserve Bank of N. Y." Plaintiff testified these checks were duly paid. Defendant offered a witness, who was admitted by plaintiff to be a banking expert, who testified that in his opinion the endorsements on these three checks, in the absence of cancellation marks, indicated they had not been paid.

Defendant Hanes' testimony set forth in detail the false and fraudulent representations of Victor B. Lonson relative to the painting she was induced to purchase, and she offered as a witness an artist who was admitted to be an expert, particularly with reference to the value and genuineness of old masters. He testified that the painting sold by Lonson to the defendant was not the work of the artist John Constable, but was a sham. "In my opinion," he testified, "an original John Constable of that size would be worth $75,000. In my opinion this dud is worth $150.00." There was no evidence to the contrary.

It was admitted that the check sued on was signed by the defendant and made payable to the order of Victor B. Lonson. Upon issues submitted to the jury there was verdict that the execution of the check was procured by fraud, and that the plaintiff was not a holder in due course. From judgment on the verdict in favor of defendant, the plaintiff appealed.

*Vaughn & Graham and Winfield Blackwell for plaintiff, appellant.*
*Efird & Lüpfert and T. O. Moore for defendant, appellee.*

DEVIN, J. There was plenary evidence offered by the defendant that the check upon which this suit is founded was procured by the false and fraudulent representations of the payee of the check, Victor B. Lonson. This evidence was uncontradicted and was not impeached in any way. Indeed, it seems to have been conceded on all sides that the evidence showed that a fraud was perpetrated on the defendant in palming off a comparatively worthless painting for the work of the artist John Constable. *Whitehurst v. Ins. Co.,* 149 N. C., 273, 62 S. E., 1067; *Petty v. Ins. Co.,* 210 N. C., 500, 187 S. E., 816; *Cotton Mills v. Mfg. Co., ante,* 560.

The check was made payable to the order of Victor B. Lonson. On the trial the plaintiff Foxman offered the check, but there was no evidence of any endorsement of the check. Therefore, the plaintiff appeared only as the equitable owner of an unendorsed instrument payable to the order of another person. Under these circumstances plaintiff's suit to

recover on the check was subject to all defenses the defendant would have had against Lonson, the payee. C. S., 3030; *Bank v. McEachern,* 163 N. C., 333, 79 S. E., 680. Proof of fraud on the part of Lonson, the payee, would defeat recovery by the plaintiff on the unendorsed instrument, notwithstanding he testified he paid Tobachnick full value for the check.

It is well settled that where fraud in the execution of a negotiable instrument payable to order has been established, the question of good faith in acquiring the instrument does not arise in a suit thereon by one who has taken the instrument without the endorsement of the payee. C. S., 3010; *Bank v. McEachern, supra; Whitman v. York,* 192 N. C., 87, 133 S. E., 427; *Tyson v. Joyner,* 139 N. C., 69, 50 S. E., 803. He holds the instrument subject to any defenses available against the payee. 87 A. L. R., 1183; *Steinhilper v. Basnight,* 153 N. C., 293, 69 S. E., 220; *Critcher v. Ballard,* 180 N. C., 111, 104 S. E., 134; *Bank v. Yelverton,* 185 N. C., 314, 117 S. E., 299; *Keith v. Henderson Co.,* 204 N. C., 21, 167 S. E., 481.

The plaintiff chiefly complains that in his cross-examination defendant's counsel was permitted to elicit the facts relating to his race and place of birth. He contends that under the circumstances, in view of the fact that the defendant was a resident of the county, this examination exceeded the bounds of mere personal identification, that it emphasized unduly these collateral matters, distracted the minds of the jurors, and prejudiced his cause.

The right to cross-examine opposing witnesses is regarded in this jurisdiction as a substantial one, *Bank v. Motor Co.,* 216 N. C., 432, 5 S. E. (2d), 318, and for the purpose of impeachment a wide range is permissible, but this must be confined within the bounds of reason. *S. v. Dickerson,* 189 N. C., 327, 127 S. E., 256. Undue advantage must not be taken of a witness, nor may it be permitted to discredit him by questions tending merely to prejudice him in the eyes of the jury without rational basis as affecting his credibility. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

However, it is unnecessary to decide the question here presented, for the reason that the uncontradicted testimony tended to show that the check was procured by fraud, and there was no evidence to show that plaintiff acquired the check by the endorsement of the payee, or any other person, so as to constitute him a holder in due course. These were the determinative issues in the case, and, as to them, there being no contradiction in the evidence, defendant would have been entitled to peremptory instructions to the jury in her favor. This Court will not review a ruling of the court below which the record shows could not have prejudiced the complaining party, even if erroneous. *Balk v.*

*Harris,* 132 N. C., 10, 43 S. E., 477. "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Bank v. McCullers,* 201 N. C., 440, 160 S. E., 494.

For the same reason plaintiff's objection to the opinion evidence of the banking expert becomes immaterial. If it be conceded that plaintiff paid full value for the check upon which he sues, that would not help his case. There was no exception to the judge's charge.

Plaintiff's motion for new trial for newly discovered evidence is denied. The proposed testimony is cumulative and throws no additional light on the issues in the case. *Johnson v. R. R.,* 163 N. C., 431 (453), 79 S. E., 690.

In the trial we find

No error.