MRS. NANNIE W. CLARK v. THE HENRIETTA MILLS.

(Filed 8 January, 1941.)

1. **Corporations § 16—Right to declaration of accrued dividend on cumulative preferred stock before dividend is declared on any other stock may not be defeated by subsequent reorganization.**

The provision in a certificate of cumulative preferred stock that dividends due thereon shall be paid before any dividend on any other stock is set apart or paid, vests a property right in the holder which may not be defeated by subsequent reorganization or by legislative enactment, and the fact that, at the time of reorganization, there were no funds out of which the accrued dividends could be paid does not affect this result, since the right to accrued dividends is vested, and only the time of payment is conditioned upon the declaration of the dividend by the board of directors out of accrued profits or the insolvency and liquidation of the corporation.

2. **Same: Corporations § 39—Failure of holder of cumulative preferred stock to make positive protest against reorganization plan does not waive her right to accrued dividend.**

Evidence tending to show that the husband of plaintiff stockholder was her duly authorized agent and attended the meeting at which the plan of reorganization of the corporation was adopted, but held no proxy and did not vote her stock and gave notice to the president of the corporation immediately after the meeting that plaintiff was not in favor of the plan, that in response to letters requesting her to turn in her old stock and accept the new issue in accordance with the plan, her husband wrote the corporation that plaintiff had decided not to do anything in regard to her stock at that time, that plaintiff did not call for or accept the new stock

1—219

or cash dividends thereon, *is held* not to show a waiver by plaintiff of her right to have dividends accrued on her stock at the time of the reorganization paid before dividends on the new stock are set aside or paid, nor an implied consent by plaintiff to the reorganization plan.

3. **Limitation of Actions § 3a—Action to enforce priority in payment of dividends is based on contract, and accrues when dividend is paid in violation of priority.**

The right of a stockholder to have dividends accrued on her cumulative preferred stock at the time of the reorganization of the corporation declared and paid in accordance with the stipulation of the certificate before dividends are set aside or paid on any other stock, is based on contract, and plaintiff's request for injunctive relief is merely ancillary thereto, and plaintiff's cause of action arises when dividends are paid on the new stock before accrued dividends on her stock are paid, and her action instituted within three years thereafter is not barred.

4. **Equity § 2—**

Even when the action is peculiarly and essentially equitable in its nature, courts of equity will ordinarily be governed by the statute of limitations in applying the doctrine of laches, and it is only when plaintiff's delay in instituting the action has been prejudicial either to defendant or to intervening property rights that statutory limitations will be disregarded.

5. **Same—**

Where it is apparent that a corporation, having obtained the approval of more than 75% of its stockholders to its reorganization plan, was proceeding as a matter of right to reorganize without regard to the disapproval of minority stockholders, the failure of a minority stockholder to institute action until after three quarterly dividends had been paid on the new stock issued pursuant to the reorganization, does not prejudice the corporation, and therefore the delay will not support the invocation of the doctrine of laches.

6. **Appeal and Error § 39b—**

Where, upon the facts admitted and the evidence offered, peremptory instructions on each issue are warranted, error, if any, in the admission of other evidence and in the instructions of the court are harmless.

7. **Corporations §§ 16, 39—Where certificate provides that prior preferred stock might be issued upon approval of holders of three-fourths of stock, plaintiff is not entitled to restrain payment of dividends on new stock prior to payment of dividends accruing on her stock subsequent to reorganization.**

Plaintiff was the holder of cumulative preferred stock which stipulated that dividends due thereon should be paid before dividends on any other stock should be set apart or paid. The certificate further provided that with the consent of 75% or more of the holders of the preferred stock the corporation might issue other stock having priority over or equality with the old preferred stock. More than 75% of the holders of the preferred stock approved a subsequent reorganization plan under which new preferred stock bearing a smaller dividend rate was issued in exchange for the old preferred stock. *Held:* Although plaintiff, who did not consent to or approve the reorganization plan and did not exchange her stock

thereunder, is entitled to have dividends which had accrued on her stock up to the time of the reorganization paid before any dividends are paid on the new stock, she consented under the terms of her contract to the issuance of new preferred stock having priority over the old upon consent of 75% of the holders of the old stock, and she is bound by the assent thus given, and although she may not be compelled to surrender the certificates of her old stock in exchange for the new stock, she is not entitled to restrain the corporation from paying dividends upon the new prior preferred stock issued under the plan of reorganization before the payment of dividends accruing upon plaintiff's stock subsequent to the reorganization.

APPEAL by defendant from *Nettles, J.,* at August Term, 1940, of GUILFORD. Modified and affirmed.

Civil action to have a corporate reorganization, together with amendments to the charter of defendant, declared invalid as to plaintiff; to protect plaintiff's rights to accrued dividends on preferred stock claimed to be unlawfully invaded or defeated by the reorganization; to compel the payment of such dividends prior to the payment of dividends on reorganization stock; and to restrain defendant from the prior payment of dividends on any stock until dividends on plaintiff's preferred stock are first paid.

This action involves the same reorganization proceedings discussed in *Patterson v. Henrietta Mills,* 216 N. C., 728, 6 S. E. (2d), 531. The rights of the holder of preferred stock are here, as there, involved. The pertinent provisions contained in the certificates of preferred stock and the declared purposes of the reorganization in reference to the preferred stock are set forth in that opinion, to which reference is made. ·

The plaintiff, on and prior to the date of the adoption of the plan of reorganization, was the owner of one hundred fifty shares of the preferred stock of the defendant corporation. As of 1 July, 1937, accrued and unpaid dividends thereon amounted to $74.75 per share.

The plan of reorganization was adopted 18 August, 1937, and thereafter, on 15 September, 1937, on 15 December, 1937, and on 15 March, 1938, defendant paid dividends upon the prior preferred stock issued under the plan of reorganization before first paying the accumulated dividends, or any part thereof, accrued on plaintiff's stock.

Plaintiff has not exchanged her stock for new certificates and has not received or accepted the cash and stock dividend authorized by the plan of reorganization to be paid upon the preferred stock to be issued in lieu of old preferred stock.

Issues were submitted to and answered by the jury as follows:

"1. Is the plaintiff the holder and owner of the 150 shares of 7% cumulative preferred stock of the defendant described in paragraph 3 of the complaint?

"Answer: Yes.

"2. Did the plaintiff consent to the amendment to the charter of the defendant filed by the defendant with the Secretary of State of North Carolina on August 19, 1937, and to the terms and provisions of the same?

"Answer: No.

"3. What was the amount of accrued and unpaid dividends on each share of the defendant's then outstanding 7% cumulative preferred stock, as of August 18, 1937?

"Answer: $74.75.

"4. Did plaintiff protest in the meeting of stockholders on August 18, 1937, against the adoption of the plan of reorganization?

"Answer: No.

"5. Did the plaintiff protest against the consummation of the plan after its adoption at the meeting of stockholders and before its consummation and exchange of stock and payment of dividends on September 15, 1937, under the plan?

"Answer: No.

"6. Did the plaintiff protest or make any demand after September 15, 1937, and prior to February 9, 1939, the date of the letter from J. A. Spence, counsel?

"Answer: Yes.

"7. When was the suit instituted?

"Answer: 3-5-40.

"8. Did the defendant company issue and distribute new classes of stock, incur expenses in connection with the reorganization, declare and pay cash dividends to stockholders who exchanged their stock under the plan on the new preferred stock on September 15, 1937, and on the new prior preferred stock on December 15, 1937, and on March 15, 1938, or after the adoption of the plan of reorganization on August 18, 1937, and before March 5, 1940?

"Answer: Yes.

"9. Did the plaintiff impliedly consent to or acquiesce in the consummation of the plan of reorganization?

"Answer: No.

"10. Is the plaintiff estopped by laches, as alleged by the defendant?

"Answer: No.

"11. What percentage of stock consented to the adoption and consummation of the plan?

"Answer: 96 plus."

The court thereupon entered judgment invalidating the plan of reorganization to the extent that it adversely affects the preferred stock owned by plaintiff; requiring the defendant to discharge the accumulated and unpaid dividends on plaintiff's preferred stock before paying any dividends upon any other stock; and restraining the defendant from

declaring or paying dividends either in stock or in cash upon any other class of stock now or hereafter issued by it prior to the payment of the accumulated and unpaid dividends due the plaintiff. The defendant excepted and appealed.

*Brooks, McLendon & Holderness for plaintiff, appellee.*
*Smith, Leach & Anderson, John E. Lawrence, and Smith, Wharton & Hudgins for defendant, appellant.*

BARNHILL, J. When defendant issued to plaintiff her certificates of stock it, by the stipulations printed thereon, contracted to pay her "a fixed, annual, guaranteed, cumulative dividend," of 7%, payable quarterly "before any dividend shall be set apart or paid on any stock preferred or common, heretofore or hereafter issued by this corporation."

Under this contract plaintiff became vested with a property right in and to such dividends as they accrued, which property right cannot be divested without her consent, either by a subsequent reorganization or by legislative enactment. *Patterson v. Hosiery Mills,* 214 N. C., 806, 200 S. E., 906; *Patterson v. Henrietta Mills, supra.* It is only the time of payment thereof which is conditioned either upon the action of the board of directors in declaring the dividend out of accrued profits or insolvency and liquidation of the corporation. That there was not presently in the treasury at the time of the reorganization sufficient net profits out of which the accrued dividends might be paid does not affect this result. Defendant "guaranteed" the payment of the dividends due plaintiff before any dividend on any other stock "shall be set apart or paid."

It follows, therefore, that upon admitted facts and the uncontradicted evidence plaintiff is entitled to relief unless the defendant can sustain one or more of the affirmative defenses relied on by it, to wit: (1) implied consent; (2) waiver; and (3) laches.

Defendant has failed to offer any evidence tending to show that plaintiff has either waived her rights or impliedly consented to an impairment thereof.

Her husband, who was her duly authorized agent, attended the meeting at which the plan of reorganization was adopted but he held no proxy (of which fact he gave due notice) and he did not vote her stock. As the jury has found in its answer to the sixth issue, under the instructions of the court, he gave notice to the president of the defendant immediately after the meeting that plaintiff was not in favor of the plan. On 27 September, 1937, in response to letters requesting plaintiff to turn in her old stock and accept the new issue bearing the lower rate of interest, her husband wrote the defendant that plaintiff "has decided not to do anything in regard to the preferred stock she holds at this time." She

did not call for or accept the new stock the defendant proposed to issue in lieu of her old stock. Nor did she accept the stock and cash dividend thereon. Thus the defendant was put on notice that the plaintiff did not approve and was not assenting to the plan of reorganization.

Plaintiff was not required to enter any positive protest against the plan and her failure to do so constituted neither waiver of her rights nor an implied consent to the plan. The defendant was, or should have been, as fully aware of its obligations as plaintiff was of her rights.

Essentially this action sounds in contract. Plaintiff invokes injunctive relief merely as an ancillary remedy incident to her main cause of action to preserve and enforce her rights. The three-year statute of limitations, C. S., 441, applies. The plan of reorganization was adopted 18 August, 1937. The defendant, on 15 September, 1937, paid a dividend on other stock before first paying the accrued dividends on stock held by plaintiff in violation of the terms of its contract. It was only then that her cause of action arose. As this action was instituted within three years thereafter, it is not barred by the statute of limitations.

Nor is plaintiff estopped by laches to assert her rights. Even when the courts are administering equitable relief, they are governed, ordinarily, by the statute of limitations. *Taylor v. McMurray,* 58 N. C., 357; *Marshall v. Hammock,* 195 N. C., 498, 142 S. E., 776. It is only when the action is peculiarly and essentially in the nature of an action in equity at common law that the doctrine of laches will accelerate, or rather disregard, statutory limitations. Even then this is done only when it is made to appear that the delay by the plaintiff in the institution of the action has been prejudicial either to the defendant or to intervening property rights. *McAden v. Palmer,* 140 N. C., 258; *Teachey v. Gurley,* 214 N. C., 288, 199 S. E., 83.

The record does not sustain the contention of the defendant that it has been prejudiced by the alleged delay in the institution of this action, which delay was in part due to the request of defendant, in letters written by it to plaintiff, that she postpone the institution of her action "pending the ultimate determination of the Patterson case."

The plan of reorganization was adopted and the defendant, with knowledge that the plaintiff and other stockholders had not approved such plan and had not surrendered their stock for exchange, paid dividends in violation of the terms of its contract. It is apparent that the defendant was asserting its right to proceed with the reorganization upon the approval of 75% of the holders of the original preferred stock. It continued to assert its right to proceed after an action was instituted 9 May, 1938, by other nonassenting stockholders, and it still undertakes to maintain its position. There is nothing in the record to indicate that it would have abandoned its plan however vigorous and persistent objections made by plaintiff may have been.

It follows that the errors, if any, in the admission of evidence and in the instructions of the court are harmless. On the facts admitted and the evidence offered, a peremptory instruction on each issue submitted was warranted.

While the plaintiff has a vested right in the unpaid dividends which had accumulated on her preferred stock at the time of the adoption of the plan of reorganization, her contract further provides that with the consent of 75% or more of the holders of the outstanding preferred stock, the corporation may issue other stock "having priority over or equal in rank with this issue of preferred stock." More than 75% of the holders of the then outstanding issue of preferred stock having assented to the plan of reorganization, the plaintiff, as to dividends accruing on her stock subsequent to the adoption of the plan of reorganization, is bound by the assent thus given. In effect, she agreed that the approval of less than all the stockholders but more than 75% thereof should be deemed and held to be the consent of all.

Under this agreement plaintiff cannot be compelled to surrender her certificates of stock and to accept a new certificate in lieu thereof guaranteeing a dividend at a rate less than 7% per annum. The defendant may, however, with the approval of 75% of the holders of the original preferred stock, which consent has been obtained, issue a new stock having priority over the stock held by plaintiff as to the payment of dividends thereafter accruing. In so far as the judgment entered undertakes to restrain the defendant from paying dividends upon the prior preferred stock issued under the plan of reorganization before the payment of dividends accruing upon plaintiff's stock subsequent to 15 September, 1937, it is erroneous.

To this extent the judgment entered must be

Modified and affirmed.