ETHEL M. CRONE v. F. NORMAN FISHER AND WIFE, KARLIE KEITH
FISHER, TRADING AS FISHER'S SANDWICH COMPANY.

(Filed 24 November, 1943.)

**1. Appeal and Error § 29—**

Appellant's failure to present argument that there was insufficient
evidence to be submitted to the jury of actionable negligence on his
(defendant's) part, is tantamount to an admission of sufficient evidence
to carry the case to the jury on that issue.

**2. Trial § 22f—**

On motion to nonsuit the evidence must be considered in the light most
favorable to the plaintiff.

**3. Negligence § 19b—**

A judgment of involuntary nonsuit, on the ground of contributory
negligence of the plaintiff, cannot be rendered unless the evidence is so
clear on that issue that reasonable minds can draw no other inference.

**4. Automobiles §§ 12c, 18g—**

In an action for damages for personal injuries to plaintiff by negligence
of defendant, where plaintiff's evidence tended to show that she was driv-
ing her car, at 20 to 25 miles per hour, south on a city street towards
its intersection with another street running east and west, and that de-
fendant's truck was approaching the intersection from the west and was
125 feet distant from the intersection when plaintiff entered same, and
said truck, running at 45 miles per hour, struck plaintiff's car, which was
within 4 feet of the curb on the south side of the intersection, knocking it
70 feet into a stone wall across the street, motion of nonsuit properly
denied. C. S., 567.

**5. Automobiles §§ 12c, 18c—**

Conceding that plaintiff, in an action for damages for personal injuries
from an automobile collision, entered the city street intersection at a
speed greater than 20 miles per hour and therefore in violation of the
city's ordinance, this would only be *prima facie* evidence of negligence
and not negligence *per se*, and could not be held as a matter of law to
constitute contributory negligence that would bar plaintiff's recovery.

APPEAL by defendants from *Burney, J.,* at May Term, 1943, of WAKE.
This is a civil action to recover damages for injuries to person and
to property incurred in a collision between a Plymouth automobile
owned and operated by the plaintiff and a Ford panel delivery truck
owned by the defendants and operated in their business by their em-
ployee and agent, one Davis, at the intersection of Filmore Street and
Jefferson Street in the city of Raleigh on 12 September, 1942, alleged
to have been caused by the negligence of the defendants, and wherein
the defendants interposed a plea of contributory negligence in bar of any
recovery by the plaintiff.

Upon appropriate issues, the jury for their verdict found that the plaintiff was injured and damaged by the negligence of the defendants, that the plaintiff was not guilty of contributory negligence, and that the plaintiff was entitled to recover fixed sums for personal injuries and for damage to her automobile. From judgment for the plaintiff predicated on the verdict, the defendants appealed to the Supreme Court, assigning errors.

*Murray Allen, R. Pearson Upchurch and Bunn & Arendell for plaintiff, appellee.*
*Smith, Leach & Anderson for defendants, appellants.*

SCHENCK, J. Both in their oral argument and in their brief filed with the Court the defendants, appellants, present but one question, namely, did the court err in disallowing their motion for judgment as in case of nonsuit and to dismiss the action lodged when the plaintiff had introduced her evidence and rested her case and renewed at the close of all the evidence? C. S., 567.

The charge to the jury is not brought forward in the record and it must therefore be presumed that the court correctly declared and explained the law applicable to the evidence. *Boswell v. Town of Tabor,* 196 N. C., 145, 144 S. E., 701; *Lumber Co. v. Power Co.,* 206 N. C., 515, 174 S. E., 427; *Jernigan v. Jernigan,* 207 N. C., 831, 178 S. E., 587.

The appellants' failure to present the argument that there was insufficient evidence to be submitted to the jury of actionable negligence on the part of the defendants is tantamount to.an admission of the existence of sufficient evidence to carry the case to the jury on that issue. Hence, the question is narrowed to the single inquiry: Was the plaintiff, according to her own evidence, guilty of contributory negligence?

Construed in the light most favorable to the plaintiff, as it must be upon a demurrer to the evidence, her testimony as well as her other evidence tends to show that the plaintiff was driving her automobile at a speed between 20 and 25 miles per hour, in a southern direction on Filmore Street, approaching the intersection of said street with Jefferson Street, which ran east and west; before reaching the intersection she looked west up Jefferson Street and saw defendants' truck approaching it; the defendants' truck was 125 feet or more west of the intersection when plaintiff entered it; plaintiff's automobile reached within four feet of the curb on the opposite, the southern, side of Jefferson Street when it was struck by the defendants' truck running at 45 miles per hour, and knocked out of control of the driver, the plaintiff, and precipitated 70 feet into a stone wall on the east side of Filmore Street; the plaintiff's

car reached the intersection of the two streets when the defendants' truck was 125 feet therefrom. "Taking the evidence in the light most favorable to the plaintiff, the issue is one for the jury. Factual adjustments and appraisals are required, the making of which belonged exclusively to them." *Seawell, J.,* in *Groome v. Davis,* 215 N. C., 510, 2 S. E. (2d), 771.

Defendants contend that the plaintiff was negligent in that she violated the provisions of C. S., 2621 (302), by failing to yield the right of way to defendants' truck since said truck was on her right and was therefore entitled to the right of way in the intersection. The defendants fail to take into consideration that the statute upon which they rely provides that the driver of the vehicle on the left shall yield the right of way to the vehicle on the right "when two vehicles approach or enter an intersection and/or junction at approximately the same time." It cannot be held as a matter of law that the plaintiff's automobile and the defendants' truck approached or entered the intersection "at approximately the same time," when the latter was 125 feet away from the intersection when the former was entering it, and when the plaintiff's automobile had crossed within four feet of the opposite curb when the defendants' truck collided therewith.

Defendants further contend that the plaintiff was negligent in that she violated section 38 of the Code of Raleigh, North Carolina, by driving her automobile more than twenty miles per hour through a street intersection. This contention is untenable for the reason that the ordinance invoked provides that "where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and is unlawful: . . . 4. Twenty miles per hour through street intersections." Therefore, conceding that the plaintiff entered the intersection at a greater rate of speed than 20 miles per hour, this would only be *prima facie* evidence of her negligence, and not negligence *per se,* and could not be held as a matter of law to constitute contributory negligence that would bar the plaintiff's recovery. *Barnhill, J.,* in *Woods v. Freeman,* 213 N. C., 314, 195 S. E., 812.

The ordinance invoked, while its phraseology is practically the same as that of the general statute, C. S., 2621 (288) (b), presents the *quære* can a municipality by ordinance prescribe a rule of evidence as is here attempted by providing that any speed in excess on certain limits shall be *prima facie* evidence that such speed is unlawful. However this may be, if the provision is void by reason of lack of authority to ordain it, the result would be to remove one, at least, of the grounds upon which the defendants rely. If the provision is not void this ground of reliance cannot avail the defendants for the reasons heretofore set forth.

"It is a familiar rule that a judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference. *Pearson v. Luther,* 212 N. C., 412, 193 S. E., 739; *Mulford v. Hotel Co.,* 213 N. C., 603; *Corum v. Tobacco Co.,* 205 N. C., 213, 171 S. E., 78. This rule has nothing to do with the credibility of witnesses. It applies equally to the testimony of the plaintiff as to that of other witnesses; *Tomberlin v. Bachtel,* 211 N. C., 265, 268, 189 S. E., 769; *Matthews v. Cheatham,* 210 N. C., 592, 188 S. E., 87; *Smith v. Coach Line,* 191 N. C., 589, 591, 132 S. E., 567; and he is entitled also to the benefit of the rule that upon the motion to nonsuit the evidence must be considered in the light most favorable to the plaintiff. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353; *Lynch v. Telephone Co.,* 204 N. C., 252, 167 S. E., 847; *Gilbert v. Wright,* 195 N. C., 165, 141 S. E., 577. *Cole v. Koonce, ante,* 188 (214 N. C.)." *Manheim v. Taxi Corp.,* 214 N. C., 689, 200 S. E., 382.

Upon the record we find

No error.