EPHRIAM M. GRAY ET AL. v. DUKE POWER CO.

(Filed 3 February 1950.)

**Appeal and Error § 31b—**

> Where a verdict might well have been directed for appellee upon an issue answered by the jury in its favor, any errors in the trial of the issue are perforce harmless.

ERVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Rousseau, J.,* July Term, 1949, of Mc-DOWELL.

Petition for partition.

The petitioners claim one-half undivided interest in an 80-acre tract of land situate on the waters of the Catawba River in McDowell County above the dam and hydroelectric power plant of the Duke Power Company.

The respondent, Duke Power Company, denied that it was a tenant in common with the petitioners, and pleaded sole seizin, first, by virtue of

superior title deeds, and, secondly, by adverse possession for more than twenty years.

The controversy was submitted to the jury on the following issues:

"1. Did the petitioners, E. M. Gray, O. E. McFarland, Lillie Adams, Albert Branch, Martha G. Dobson, Etta G. Edwards, Pless Gray, James C. Gray, Marie Jaynes, Dorothy T. Teague, and the respondent J. H. Gray acquire and become the owners of a one-half undivided interest, as tenants in common in the lands described in the petition, as heirs at law of W. R. Gray, deceased, with the respondent Duke Power Company or its predecessor in title? Answer: Yes.

"2. Have the respondent Duke Power Company and its predecessors in title acquired title in fee simple to said one-half undivided interest by adverse possession, as alleged in the answer? Answer: Yes."

There was a directed verdict for the petitioners on the first issue, and the jury answered the second issue in favor of the respondent, Duke Power Company, after a warmly contested trial.

From judgment on the verdict, the petitioners appeal, assigning numerous errors on the trial of the second issue.

*William C. Chambers and William J. Cocke for petitioners, appellants.*

*W. S. O'B. Robinson, W. B. McGuire, Jr., and Proctor & Dameron for respondent, Duke Power Co., appellee.*

STACY, C. J. A careful perusal of the record leaves us with the impression that as the trial court might well have directed a verdict for the respondent, Duke Power Company, on the second issue, any errors committed on the trial of this issue are perforce harmless.

Nevertheless, an examination of the record reveals that no new or novel question of law is presented by any of the exceptions, and that they fall well within the decided cases on the subject. It would only be threshing over old straw to consider them *seriatim* or in detail. The issue was one of fact determinable alone by the jury.

We are constrained to uphold the validity of the trial on the record as presented.

No error.

ERVIN, J., took no part in the consideration or decision of this case.