JOHN R. FREEMAN v. W. J. PREDDY AND JAMES R. PREDDY.

(Filed 20 May, 1953.)

**1. Appeal and Error § 38—**

A new trial will not be granted for mere technical error, but the burden is upon appellant not only to show error but also that he was prejudiced to the extent that the verdict of the jury was thereby improperly influenced against him.

**2. Appeal and Error § 39c—**

Where appellant is not entitled to relief on any aspect of the record, as when the court would have been fully justified in giving a peremptory instruction or directing a verdict against him on the determinative issue or issues, any error committed during the trial will be deemed harmless.

**3. Automobiles §§ 8i, 18h (2)—Evidence held sufficient to sustain directed verdict that defendants were guilty of negligence in entering intersection in path of car approaching from right.**

Taking the facts to be as disclosed by defendants' own testimony, it appeared that their car approached an intersection of city streets at about the same time as plaintiff's car, which approached the intersection from defendants' right, that neither vehicle was traveling at excessive speed, and that when defendants were 14 or 18 feet from the intersection they saw plaintiff's car to their right about 55 or 60 feet away, that defendant driver did not apply his brakes or slacken speed, and that plaintiff's car struck the right door of defendants' car when defendants' car was only three-fourths of the way across the intersection. *Held:* Defendants' own evidence refutes any suggestion that defendant driver entered the intersection

at a time when a man of ordinary prudence would reasonably believe that plaintiff's vehicle was a sufficient distance away to permit defendants to proceed in safety across the intersection without creating an unnecessary traffic hazard, and defendants' statement to the effect that they thought they had time to clear the intersection is without substance.

**4. Automobiles § 8i—**

The fact that a motorist reaches an intersection a fraction ahead of a vehicle approaching the intersection from his right does not entitle him to proceed into the intersection, but it is required that he yield the right of way to the vehicle on his right unless it is a sufficient distance away to permit him to proceed in safety without creating an unnecessary traffic hazard.

APPEAL by defendants from *Rousseau, J.,* September Term, 1952, GUILFORD. No error.

Civil action to recover compensation for personal injuries resulting from an intersection automobile collision in which defendants plead cross actions or counterclaims for personal injuries and property damage.

On 22 December 1951, plaintiff was operating a Chevrolet sedan in a westerly direction on 14th Street, approaching Vine Street, in Greensboro. At the same time, defendant James R. Preddy was operating the Ford V-8 coupe of his father, defendant W. J. Preddy, on Vine Street, traveling in a northerly direction and approaching 14th Street. This placed the plaintiff's automobile to the right of the Preddy vehicle.

As the Preddy car got in the lane of traffic of the Freeman automobile, the Freeman automobile struck the Preddy vehicle at the door. The Chevrolet proceeded on, bent over an iron post, and "wrapped" its front end around a tree. The Ford turned completely around and stopped about 35 feet north of the intersection, facing east. There was evidence defendants were traveling at 45 or 50 miles per hour.

The Ford was occupied by the two defendants and one Floyd. W. J. Preddy was thrown out of the automobile and all three received injuries.

In the trial below the court submitted issues of negligence, contributory negligence, and damages on plaintiff's cause of action and like issues of negligence and damages on the cross actions of defendants. The jury answered the issues of negligence and contributory negligence in the affirmative. The court entered judgment on the verdict that (1) plaintiff have and recover nothing of defendants, and (2) defendants have and recover nothing of plaintiff. Defendants excepted and appealed.

*Jordan & Wright for plaintiff appellee.*
*H. L. Koontz and Shuping & Shuping for defendant appellants.*

BARNHILL, J. The exceptive assignments of error relied on by defendants are directed to alleged error (1) in the instructions of the court, and

(2) in the failure of the court to charge the jury in respect to certain material and substantive features of the law arising on the evidence offered in the cause. Counsel for appellants presented an earnest, exhaustive, and persuasive argument which inclines us to the view that there may be error in the failure of the court to charge, particularly in reference to the rights and duties of the two motorists as they each approached the intersection where the collision occurred.

But this we need not now decide for technical error alone is not sufficient. New trials are not granted for error and no more. The burden is on the appellant not only to show error but also to show that he was prejudiced to the extent that the verdict of the jury was thereby probably influenced against him. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863; *Tolley v. Creamery, Inc.,* 217 N.C. 255, 7 S.E. 2d 502; *Smith v. Steen,* 225 N.C. 644, 35 S.E. 2d 888; *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194.

The error must be "material and prejudicial, amounting to a denial of some substantial right," *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797, and an error cannot be regarded as prejudicial to a substantial right of a litigant unless there is a reasonable probability that the result of the trial might have been materially more favorable to him if the error had not occurred. *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Garland v. Penegar,* 235 N.C. 517, 70 S.E. 2d 486.

In applying this rule, we have consistently held that when, upon a consideration of the whole record, it clearly appears that the appellant, under no aspect of the testimony, is entitled to recover and that the evidence considered in the light most favorable to him is such that the trial judge would have been fully justified in giving a peremptory instruction, or directing a verdict, against him on the determinative issue or issues, any error committed during the trial will be deemed harmless. *Gray v. Power Co.,* 231 N.C. 423, 57 S.E. 2d 316; *McArthur v. Byrd,* 213 N.C. 321, 195 S.E. 777; *Foxman v. Hanes,* 218 N.C. 722, 12 S.E. 2d 258; *Clark v. Henrietta Mills,* 219 N.C. 1, 12 S.E. 2d 682; *Ramsey v. Ramsey,* 229 N.C. 270, 49 S.E. 2d 476.

Such is the case here. There is no evidence in the record that would warrant or sustain an answer to the first issue favorable to defendants. On their testimony and the testimony of their eyewitness to the collision, defendant James Preddy failed to observe the positive mandate of a material traffic rule designed and enacted for the protection of the lives and property of those who use or have a right to use our public highways and streets.

Plaintiff's automobile was to the right of the defendants' as the two vehicles approached the intersection. They approached at approximately the same time so that for both to proceed would create a dangerous

situation likely to result in a collision. Under these circumstances it was the duty of the operator of defendants' vehicle to stop and yield the right of way. G.S. 20-155; *Bennett v. Stephenson, ante,* 377; *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532, and cases cited; *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361. The conclusion that his failure so to do was one of the proximate causes of the collision is inescapable.

That this is true is demonstrated by the testimony of the two defendants themselves. There is strong indication that James Preddy did not see the plaintiff's automobile until he was in the intersection. But this testimony may be disregarded. We need only turn to the most favorable account of the occurrence as detailed by defendants. Their descriptions of the occurrence for which they vouch are strikingly similar. There is only some slight variation in their estimates of distances. Defendant James Preddy was the operator of the automobile occupied by defendants. As such, it was his duty to observe the rules of the road. So then, we accept his testimony as a true description of the mishap.

As he was traveling only about 20 m.p.h. as he approached the intersection, he did not slow down. When he was 14 or 18 feet from the intersection, he saw the Freeman vehicle to his right about 55 to 60 feet up 14th Street. "After I looked to the right and saw him up there, I looked to the left and I didn't see anything coming that way, so I went on across. After I got into the intersection, I glanced back to the right and saw him about 14 or 18 feet away, so I swerved to the left." "I'd say I was about three-quarters of the way across" when the impact came. He (Preddy) never applied his brakes or attempted to stop.

He testified further as to the Freeman vehicle: "I didn't know exactly how fast Mr. Freeman was going. I thought he was going so I could get across the intersection. He was going at a moderate rate of speed, I'd say not too fast. I don't think he was going too fast."

W. J. Preddy testified he observed the Freeman vehicle 54 feet from the intersection when they were within 14 or 16 feet of it. "I didn't say anything to him about stopping . . . The car was so close to us it was no need to put on brakes. It would have hit anyhow—was not any need to try to stop. The only thing to do is try to change your direction. He didn't have much time to change direction. He just cut the wheels and by the time he got the wheels cut the car hit him."

So then, the evidence considered in the light most favorable to defendants presents this situation: Both vehicles were traveling at approximately the same rate of speed. The Preddy car was 17 feet long. The shoulder on 14th Street is eight feet and the pavement, 20 feet wide. Therefore it was necessary for defendants to travel a minimum of 42 feet plus 17 feet—the length of their automobile—while plaintiff was traveling a maximum of 60 feet, in order to clear the intersection before plain-

tiff reached and entered it. In fact they got only three-fourths of the way across, which put them directly in the plaintiff's lane of travel.

These facts, offered in evidence by defendants, effectively refute any suggestion that defendants reached and entered the intersection at a time when a man of ordinary prudence would reasonably believe that plaintiff's vehicle was a sufficient distance away to permit him to proceed in safety without creating an unnecessary traffic hazard. Therefore, their opinion evidence to the effect they thought they had ample time so to do is without substance. Clearly it was their duty to stop and yield the right of way. This they failed to do.

It may be that defendants entered the intersection a fraction ahead of plaintiff. But this did not suffice to shift the burden on plaintiff to stop and yield the right of way. *Yost v. Hall,* 233 N.C. 463, 64 S.E. 2d 554; *S. v. Hill, supra; Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Crone v. Fisher,* 223 N.C. 635, 27 S.E. 2d 642.

This is just one of those cases in which it is apparent both parties were temporarily inattentive to the duties imposed upon them as motorists. On this record, neither is entitled to recover of the other.

In the trial below we find

No error.