JAMES M. DOWNS, Administrator of the Estate of JAMES DOWNS, JR., deceased v. CLYDE W. ODOM and J. T. ODOM, t/a ODOM TILE COMPANY, and ERNEST TAYLOR, JR.

(Filed 8 April, 1959.)

1. **Automobiles § 17—**

    G.S. 20-155(a), providing that the vehicle on the right has the right of way at an intersection which has no stop signs or traffic signals, applies only when two vehicles approach or enter the intersection at approximately the same time.

2. **Same—**

    The vehicle first reaching an intersection which has no stop signs or traffic signals has the right of way over a vehicle subsequently reaching

it, irrespective of their directions of travel, and it is the duty of the
driver of the later vehicle to delay his progress and allow the vehicle
which first entered the intersection to pass in safety.

**3. Automobiles §§ 41g, 42g— Evidence held for jury on question of negli-
gence in entering intersection after another car had entered the in-
tersection.**

The evidence tended to show that the car in which plaintiff's intes-
tate was riding was being operated by his mother, south at a speed of 15
or 20 miles per hour, and that defendant's truck was being operated east
at a speed of 35 or 40 miles per hour, in approaching an intersection
having a legal speed limit of 25 miles per hour, that the car in which
intestate was riding was first in the intersection, and was struck on its
right side just back of the headlight, and that the impact occurred on
the west side of the center of the intersection. *Held:* The evidence was
sufficient to be submitted to the jury on the issue of defendant's negli-
gence and does not disclose negligence as a matter of law on the part of
intestate's mother which could be imputed to plaintiff as a bar to re-
covery.

Appeal by plaintiff from *Sharp, Special Judge,* November Term
1958 of Edgecombe.

This is an action instituted by the plaintiff to recover damages
from the defendants on account of the wrongful death of plaintiff's
intestate when a truck belonging to defendants Odom and operated
by the defendant Taylor collided with the Downs automobile.

Plaintiff's intestate, a 4-months-old child, was riding in the auto-
mobile being operated by Joyce S. Downs, the mother of plaintiff's
intestate, which was proceeding South on St. Patrick's Street in Tar-
boro, North Carolina. The defendants' pick-up truck being operated
by the defendant Ernest Taylor, Jr. was proceeding East on Park
Avenue. In the intersection of these streets the automobile in which
plaintiff's intestate was riding was struck on its right side just behind
the headlight back to the door. Skid marks from the point of impact
westward up Park Avenue made by the defendants' pick-up measured
45 feet. Testimony indicated that the Downs automobile was travel-
ing 15 or 20 miles per hour and the pick-up truck was traveling 35
or 40 miles per hour in a 25 miles per hour zone. Joyce S. Downs testi-
fied after regaining consciousness in the hospital that she had no recol-
lection of the wreck. It was testified that the driver of the pick-up
truck said that he observed the Downs automobile when he was 45
feet from the intersection and put on brakes but was unable to stop
before hitting the car.

John Henry Taylor was riding with the defendant Ernest Taylor,
Jr. as a guest passenger in the Odom truck at the time of the acci-
dent. He was not an employee of the Odoms. This witness testified:

"As we were approaching the intersection of St. Patrick Street I look-
ed out the right window across the Common. I turned my head back
and looked down Park Avenue just before we reached the intersec-
tion. At that time Ernest Taylor was putting on brakes. I don't know
exactly how far in feet the truck was from the intersection of St. Pat-
rick and Park Avenue. We had not completely reached the intersec-
tion as I turned around. I saw the front end of Mrs. Downs' car. It
was entering the intersection. * * * I did not see anything but the
front end in the intersection. * * * When I first turned around and
saw the Downs car I don't know exactly where the truck was but
the brakes were already skidding * * *. I can say for sure the truck
had not already got to the intersection."

Plaintiff's evidence tends to show that the accident occurred on the
West side of the center of the intersection; that the skid marks of the
truck ended in the intersection approximately six feet from the curb
line. St. Patrick's Street on the North side of Park Avenue is 27 feet
wide and on the South side of Park Avenue it is 30 feet 6 inches wide.
Park Avenue is 24 feet wide.

At the close of plaintiff's evidence the defendants moved for judg-
ment as of nonsuit. Motion was allowed and the plaintiff appeals, as-
signing error.

*Fountain, Fountain, Bridges & Horton for plaintiff.*
Battle, Winslow & Merrell, by Robert M. Wiley, for defendants.

DENNY, J.   The only question presented for determination on this
appeal is whether or not the trial court committed error in sustaining
the defendants' motion for judgment as of nonsuit.

The accident occurred at an intersection which had no stop signs
or traffic signals. The statute governing such an intersection is G.S.
20-155, which in pertinent part reads as follows: "(a) When two ve-
hicles approach or enter an intersection and/or junction at approxi-
mately the same time, the driver of the vehicle on the left shall yield
the right of way to the vehicle on the right * * *. (b) The driver of a
vehicle approaching but not having entered an intersection and/or
junction, shall yield the right of way to a vehicle already within such
intersection and/or junction whether the vehicle in the junction is
proceeding straight ahead or turning in either direction * * *."

Subsection (a) of the above statute does not apply unless the two
vehicles approach or enter the intersection at approximately the same
time. Under subsection (b) of the statute the vehicle first reaching
an intersection which has no stop sign or traffic signal has the right

of way over a vehicle subsequently reaching it, irrespective of their directions of travel; and it is the duty of the driver of the latter vehicle to delay his progress and allow the vehicle which first entered the intersection to pass in safety. *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Kennedy v. Smith,* 226 N.C. 514, 39 S.E. 2d 380; *Crone v. Fisher,* 223 N.C. 635, 27 S.E. 2d 642; *Yellow Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631.

The defendants cite and rely on *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686; *Freeman v. Preddy,* 237 N.C. 734, 76 S.E. 2d 159; and *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147. We think the facts in these cases are distinguishable from those in the instant case.

In *Taylor v. Brake supra,* the facts were somewhat similar to those involved on this appeal, except there was no evidence that either car involved in the collision was exceeding the speed limit. At the close of all the evidence the court sustained the defendants' motion for judgment as of nonsuit. On appeal, this Court, speaking through *Parker, J.,* said: "Plaintiff contends that the case should have been submitted to the jury on the theory that he was already within the intersection when the defendant Brake approached it. This Court said in *Cox v. Freight Lines* and *Matthews v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25: 'The court cannot submit a case to the jury on a particular theory unless such theory is supported by both the pleadings and the evidence.' Plaintiff has not alleged any where in his complaint that he was already within the intersection, when the defendant Brake approached the intersection but had not entered it, nor has he testified that he entered the intersection first. It is true that plaintiff alleged the defendants were negligent by 'negligently, recklessly and carelessly failing to yield the right of way to this plaintiff's automobile as by law required.' 'To characterize an act or course of conduct as negligent without more is insufficient. As stated in McIntosh on Prac. and Proc., sec. 388, "In negligence cases, a general allegation of negligence is insufficient and the facts constituting negligence must be given and that it was the cause of plaintiff's injury." ' *Fleming v. Light Co.,* 232 N.C. 457, 61 S.E. 2d 364. This allegation is insufficient to support plaintiff's theory that plaintiff had the right of way by virtue of G.S. 20-155 (b)." The judgment as of nonsuit was affirmed.

In the instant case the plaintiff alleged in his pleadings and offered testimony at the trial tending to show that the Downs car entered the intersection first.

In the case of *Freeman v. Preddy, supra,* the case was submitted to the jury on plaintiff's cause of action and the defendants' cross-action. Issues of negligence, contributory negligence and damages

were submitted to the jury. The jury answered the issues of negligence and contributory negligence in the affirmative as to both causes of action. On appeal by the defendants, we found no error.

In the case of *Bennett v. Stephenson, supra,* the evidence was to the effect that both cars were being operated around 30 miles per hour; that the collision occurred in the intersection of West Edgerton Street and North Orange Avenue, in the Town of Dunn, slightly West of the center of the intersection. Skid marks from each car measured 36 feet. On appeal from a judgment as of nonsuit, we affirmed.

In the instant case it was stipulated that the legal speed limit where the accident occurred was 25 miles per hour. There is evidence that the Downs car was being operated at a speed of 15 or 20 miles per hour and that the Odom truck was being operated at a speed of 35 or 40 miles per hour.

On a motion for judgment as of nonsuit a plaintiff is entitled to have the evidence considered in the light most favorable to him and to the benefit of every reasonable inference to be drawn therefrom. When the evidence is so considered, we think it is sufficient to carry the case to the jury. *Donlop v. Snyder, supra,* and cited cases.

In our opinion, the question as to whether or not the driver of the Downs car was guilty of contributory negligence by entering the intersection at the time and under the conditions then existing, is for the jury. *Donlop v. Snyder, supra; Kennedy v. Smith, supra.*

The judgment of the court below is

Reversed.