PERRY CLAY WILLIAMS, MARGARET B. WILLIAMS, ADMINISTRA-TRIX (SUBSTITUTE PLAINTIFF) v. NATIONWIDE INSURANCE COM-PANY

No. 7110DC467

(Filed 4 August 1971)

1. **Pleadings § 32; Rules of Civil Procedure § 15— amendment of answer after plaintiff's evidence**

The trial court did not err in permitting defendant, after plaintiff had introduced her evidence, to amend its answer to allege additional acts of contributory negligence, plaintiff already being on notice that contributory negligence was one defense upon which defendant relied, and the amendments being consistent with the facts disclosed by plaintiff's evidence. G.S. 1A-1, Rule 15(a).

Williams v. Insurance Co.

**2. Automobiles § 88; Negligence § 34— contributory negligence of auto-
mobile mechanic — sufficiency of evidence**

In this action to recover for personal injuries sustained by plain-
tiff's intestate when the car underneath which he was working fell or
rolled on him after the owner had removed the lugs from the left
front wheel and had jacked up the front end of the car, the trial
court properly submitted an issue of contributory negligence to the
jury, notwithstanding there was no evidence that plaintiff's intestate
knew the owner had removed the lugs, where the evidence was plenary
that he knew, or should have known, that the owner was engaged in
changing the tire and that removal of the lugs is a normal step in
that process.

APPEAL by plaintiff from *Barnette, District Judge,* 20 Jan-
uary 1971 Session of District Court held in WAKE County. ·

Civil action commenced in 1965 to recover for personal in-
juries under "uninsured motorists" coverage provided by an
automobile liability insurance policy. The original plaintiff,
Perry Clay Williams, was injured on 28 July 1964 while he was
engaged in repairing an automobile belonging to the uninsured
motorist, one James Singletary. (Williams died from other
causes after the action was commenced, and his administratrix
was named as substitute plaintiff.) Defendant demurred to the
complaint, and the question of coverage under the policy was
initially determined by the North Carolina Supreme Court in
passing upon a ruling on the demurrer. *Williams v. Insurance
Co.,* 269 N.C. 235, 152 S.E. 2d 102. Following that decision
defendant filed answer, and on a first trial in the district court
the jury returned a verdict finding the uninsured motorist negli-
gent and the original plaintiff contributorily negligent. On ap-
peal by plaintiff, this Court awarded a new trial for errors in
the court's charge to the jury. *Williams v. Insurance Co.,* 5
N.C. App. 632, 169 S.E. 2d 12.

The case was again tried in the district court before judge
and jury. While in certain details the evidence was conflicting,
from the evidence of both parties the jury could legitimately
find the following:

The original plaintiff, Williams, was an automobile me-
chanic. He was employed by Singletary (the uninsured motorist)
to repair the transmission on Singletary's car. The work was
done at Singletary's farm, and, in preparation for the work,
Singletary drove the two front wheels of his car up a small

ramp and upon a beam which was about ten inches high, while the rear wheels remained on the ground. To secure the car in position, Singletary placed a smaller beam or sill on the ground against the rear of the back wheels. In order to work on the transmission, Williams lay on his back underneath the car. While Williams was still lying underneath the car, Singletary worked at changing a flat tire on the left front wheel. Singletary testified that Williams told him that he was through working on the transmission and said, "You can change that tire because I am ready to crank it up," and Singletary thought that Williams was sliding out from under the car. Singletary removed the wheel lugs from the left front wheel and then jacked the car up by using a bumper jack on the front bumper. When Singletary turned to speak to a visitor, the car fell or rolled backwards off of the jack and off of the beam, the back wheels rolled over the sill which had been placed against them, the left front wheel fell off, and Williams was crushed underneath the car, receiving serious injuries.

The case was submitted to the jury upon the following issues: (1) negligence of Singletary; (2) contributory negligence of Williams; (3) assumption of risk by Williams; and (4) damages. The jury answered the first and second issues "Yes," and did not answer the other issues. From judgment in accord with the verdict, plaintiff appealed.

*Vaughan S. Winborne for plaintiff appellant.*

*Bailey, Dixon, Wooten & McDonald, by Wright T. Dixon, Jr., and John N. Fountain for defendant appellee.*

PARKER, Judge.

[1] Appellant contends that the trial court erred when it permitted defendant to amend its answer after plaintiff had introduced her evidence. In its original answer defendant had alleged contributory negligence on the part of plaintiff's intestate, and at the first trial the jury had returned verdict finding him to have been contributorily negligent. Thus, plaintiff was already amply on notice that contributory negligence was one of the defenses upon which defendant relied. The amendments merely alleged additional acts of contributory negligence and were consistent with the facts disclosed by evidence introduced by plaintiff at the second trial. Under G.S. 1A-1, Rule 15(a),

a party may amend his pleading at any time by leave of court, "and leave shall be freely given when justice so requires." In this case there was no error in allowing the amendments.

[2]   Appellant contends that there was error in submitting to the jury an issue as to contributory negligence on the part of her intestate. In this connection appellant argues that while Williams may have known that Singletary was engaged in jacking up the car, there was no evidence that Williams knew that the lugs had been removed from the wheel, and so long as the wheel remained securely fastened, Williams could not have been crushed even if the jack slipped. However, the evidence is plenary that Williams knew, or should have known, that Singletary was engaged in changing the tire and that removal of the lugs is a normal step in that process. It was for the jury to determine whether the fact that he remained under the car under such circumstances constituted negligence on his part which was a proximate cause of his injuries.

Appellant has directed a number of assignments of error to the trial court's rulings admitting or excluding evidence and to the court's charge to the jury. We have examined all of these carefully, and we find no prejudicial error which would justify sending this case back for a third trial. "New trials are not granted for error and no more. The burden is on the appellant not only to show error but also to show that he was prejudiced to the extent that the verdict of the jury was thereby probably influenced against him." *Freeman v. Preddy,* 237 N.C. 734, 76 S.E. 2d 159. This the appellant has not shown. Accordingly, we find

No error.

Judges BRITT and MORRIS concur.